LARKIN A. ALLEN, plaintiff in error, *vs.* MATTHEW J. HOLDEN, defendant in error.

1. The answer of one defendant to a bill in equity can not be read as evidence against his co-defendant.
2. A witness who is interested in a recovery by the party calling him, is an incompetent witness for such party.
3. A deed is improperly admitted to record on the probate of a subscribing witness, who simply states that he saw the feoffor " assign the deed for the purposes therein mentioned; also, he assigned the same as a subscribing witness."
4. A deed, not recorded within twelve months from the date of its execution, will not take precedence of another title from the same vendor, based upon a bond for titles, and the payment of the purchase, of which the feoffee in the deed had notice.

Bill in Equity, in the Superior Court of Carroll county. Tried before Judge HAMMOND, at the October Term, 1860.

The record in this case presents the facts and questions following, viz.:

In the year 1828 or 1829, John Catlett, the drawer, sold lot of land No. 3, in the 6th district of Carroll county, to

Martin Berry, and received the purchase money, and gave Berry his bond to execute a title when the grant should be taken out.   Afterward, Martin Berry sold the land.to Jesse Berry, received the purchase money, and executed a bond for titles.   In April, 1836, Jesse Berry sold the land to John Dobson, and gave his bond to make titles when Dobson should obtain the grant, Dobson paying the purchase money at the time of the trade.   On the 14th of March, 1839, Dobson sold the land to Matthew J. Holden, received the purchase money, and transferred by written assignment the bond of Jesse Berry to Holden.

On the 14th of November, 1843, John Catlett, the drawer, sold the lot of land to Larkin A. Allen, and executed a deed of that date to Allen, which deed was attested by Larkin Allen and A. E. Bond, as witnesses, and was registered on the 1st day of November, 1844, upon a probate by Larkin Allen, who stated in his affidavit on the deed, "that he saw John Catlett assign the deed for the purpose therein mentioned; also, he assigned the same as a subscribing witness."   On the 9th of September, 1848, the deed was again registered upon a proper and legal probate by both of the subscribing witnesses.

On the 12th of August, 1845, Holden bargained the land to Lewis Barton, who went into possession of the same, and being unable to pay for the land, the contract of sale was rescinded, and he continued in possession as the tenant of Holden.

Allen brought an action of ejectment for the land, against Barton, returnable to the April Term, 1847, of Carroll Superior Court.   Barton filed a bill in equity against Allen and Catlett, setting up the equitable title and claim hereinbefore stated, alleging that Allen bought the land with full notice of such equitable title, and prayed an injunction against the action of ejectment until the hearing of the bill. This bill was subsequently dismissed, and on the 6th of July, 1853, Holden filed a similar bill, alleging the same facts and praying the same injunction.

Upon the trial of this bill, the complainant offered in

evidence the separate answer of John Catlett, to the bill filed by Barton against Allen and Catlett, for the purpose of showing that Allen bought the land from Catlett with a full knowledge of the prior sale by Catlett to Martin Berry, and of complainant's equitable claim and title to the land. Counsel for defendants objected to this evidence, on the ground that the answer of a co-defendant, who has no interest in the suit, in a former bill, filed by a different complainant against these defendants, could not be read in evidence, to charge his co-defendant, Allen, with notice. The Court overruled the objection, admitted the evidence, and defendant excepted.

Pending the trial, complainant offered in evidence the depositions of Jesse Berry to prove the facts alleged in the bill, to which counsel for the defendant objected, on the ground that the depositions disclosed the fact that the witness was interested in the suit, the title to the land having passed through him. The Court overruled the objection, and admitted the testimony, to which defendant excepted.

Plaintiff also proved by a witness that Allen admitted to witness that he knew of the outstanding claim of complainant when he bought the land from Catlett.

The answers of Allen and Catlett were read, and contained a denial of the material allegations of the bill.

The deed from Catlett to Allen, and the bond from Jesse Berry to Dobson, with the assignment of the same to Holden, were also in evidence, and it was shown that the other bonds for titles were lost; that due search had been made for them, and secondary evidence of their contents admitted.

There was much other evidence admitted, which it is unnecessary to set out in this statement.

Amongst other things, the presiding Judge charged the jury, "that unless the defendant's deed was regularly recorded within twelve months, it could take no precedence under the Registry Act."

The jury returned a verdict for the complainant, and defendant moved for a new trial on the grounds :

1st. Because the jury found contrary to law, contrary to the evidence, and contrary to the weight of evidence.

2d. Because the Court erred in admitting in evidence the answer of Catlett to the bill filed by Barton, as hereinbefore set forth.

3d. Because the Court erred in admitting the depositions of Jesse Berry as heretofore stated, he being interested in the result of the suit.

4th. Because the Court erred in charging the jury as aforesaid.

5th. Because the Court also charged the jury that a probate to a deed was insufficient to admit it to record, when the probating witness failed to state, in his affidavit of probate, that he saw the other subscribing witness also sign the deed, complainant's counsel having permitted the deed to go in evidence for what it was worth, and the deed having been properly probated thereafter.

The Court refused the new trial, and that refusal is the error assigned in the bill of exceptions.

BURKE & BLACK, and G. J. WRIGHT, for plaintiff in error.

B. D. THOMASON and LATHAM, *contra.*

*By the Court.*—LYON, J., delivering the opinion.

Larkin A. Allen commenced an action of ejectment in the Superior Court of Carroll county, for lot of land number three, (3,) in the sixth district of that county, against Lewis Barton, the tenant in possession. Pending that action, Barton filed a bill in equity against one John Catlett, the drawer of the lot, and Allen, the plaintiff in ejectment, setting up an equitable title to the lot in himself, and enjoining the action at law. This bill was dismissed after it had been answered separately by Catlett and Allen. A new bill was then filed by Matthew J. Holden, under whom Barton held, setting the equitable title as being in him, and not in Barton, against the same persons.

On the trial of this latter bill in equity, the complainant offered in evidence the separate answer of Catlett to the first bill, filed by Barton, and the Court, against the objection of counsel for Allen, allowed the same to be read to the jury as evidence against Allen.     This decision was erroneous.     The main issue was between Holden and Allen.     Catlett had no real interest in the suit, except as to the former owner of the lot.     Both parties claimed under him, but he, Catlett, neither claimed, nor had, any interest in the land.     It is a strict rule that the answer of one defendant shall not be read in evidence against another, not even as to cost, the reason being, that there is no issue between the parties, and there has been no opportunity of cross-examination.     Gresley's Equity Evidence, 29.     Cherutt vs. Jones, 6 Madd. Ch. Rep., 268. Jones vs. Tublerville, 2 Ves., 11.

The title set up by the complainant is, that Catlett sold the claim, in 1828 or 1829, to Martin Berry, for $35 00, received payment, and made a bond for title; that Martin Berry afterwards sold and conveyed the land by bond to Jesse Berry ; that bond, with the one from Catlett to Martin, and that from Martin to Jesse Berry, have been lost; that in 1836, Jesse Berry sold and conveyed the land, by bond, to John Dobson, who afterwards sold and conveyed the land, by assignment of the bond, to the complainant.     This bond is exhibited to the bill, from which, it appears that Jesse Berry obligates himself therein, in the sum of one thousand dollars, to make titles to the obligee, Dobson.

2. Complainant offered Jesse Berry as a witness, (his testimony being taken by interrogatories,) to prove the sale by Catlett to Martin Berry, and the one by Martin to himself—the execution and loss of the bond for title.     The Court below admitted the same to go to the jury as evidence against the objection of the defendant.     The objection to the testimony should have been sustained, as Jesse Berry was clearly interested in the recovery being had by the party calling him, and therefore incompetent; for, if complainant failed to recover, the liability of Jesse Berry on his bond for title would be fixed and certain.

Allen *vs.* Holden.

3. The deed from John Catlett to the defendant, Larkin A. Allen, for the lot in controversy, dated the 14th of November, 1843, executed in presence of one Larkin Allen and A. E. Bond, was admitted to record on the 1st of November, 1844, on the affidavit of Larkin Allen, that he saw John Catlett assign the within deed for the purposes therein mentioned; also, he assigned the same as a subscribing witness. This deed was improperly admitted to record on this probate, on account of the defectiveness of the probate, in this, that it contained no statement of a delivery of the deed, or of its being signed by the other witness as a subscribing witness. See Rushin vs. Shield and Ball, 11 Ga. Reports, 636. So the Court below ruled, but no point was made on this ruling, as the deed was again recorded on the 9th of September, 1848, on the affidavit of both the subscribing witnesses, containing all the requisites of the law.

On this state of facts, as to the record of the deed, the Court below charged the jury, that defendant's deed not having been regularly recorded, within twelve months from execution, it could not take precedence over complainant's title, (if he had one,) under the Registry Act. We think that this charge states the law on this subject correctly. It is true that the complainant sets up no deed from Catlett, the drawer, under which he held or claimed, but he does set up claim under a sale and purchase from Catlett, the payment of the purchase money, and a bond for title, in order to take precedence over such a title, if there be any such in fact, by a subsequent deed, under the Registry Act, such subsequent deed must be regularly and properly recorded within twelve months.

Let the judgment be reversed.