———o———

UNION BANK OF Mo., Appellant, *vs.* JOHN McWHARTERS, Respondent.

1. *Deed—Judgment—Variance not fatal, when.*—A Sheriff's deed is not invalid because it recites a judgment against Smith & Haliburton, while the record in the cause shows a judgment against Jacob Smith and Wesley Haliburton.

*Appeal from Linn Circuit Court.*

*G. D. Burgess,* for Appellant.

*A. W. Mullins & G. W. Easley,* for Respondent.

ADAMS, Judge, delivered the opinion of the court.

This was ejectment for a tract of land in Linn County. The plaintiff showed a perfect chain of title in itself.

The defendant claimed by mesne conveyances under a sheriff's deed made under an execution sale of the land as the property of plaintiff.

The plaintiff objected to the sheriff's deed on the ground of variance from the judgment, and on the ground that the judgment as recited in the execution and deed was void. The court overruled these objections and the plaintiff afterwards raised the same objections by way of instructions which were refused. The plaintiff then took a non-suit and by leave of Court moved to set it aside and this motion was overruled and exceptions duly saved.

The plaintiff's objection to the deed was, that it recited a judgment in the name of Smith and Haliburton against the plaintiff, whereas the record showed a judgment in favor of Jacob Smith and Wesley Haliburton against the plaintiff. The only difference in the record and the deed is the addition of the Christian names.

This in my judgment constitutes no variance at all. It merely shows that the christian names were omitted by the clerk in issuing the execution, and if this omission was material the court would allow it to be supplied at any time by an amendment.

An objection was made to the introduction of the fee book or book in which costs are taxed up. The judgment in that case was in favor of Smith and Haliburton for costs in a suit that had been brought against them by the Bank, and this book was proper evidence to show the amount of the judgment.

The judgment as recited in the execution and Sheriff's deed corresponded precisely with the amount of costs as taxed. I see no valid objection to this evidence.

The remaining objection is that before the judgment for costs was rendered against the Bank, Jacob Smith, one of the parties had died. The execution sale and Sheriff's deed were good, notwithstanding the death of Smith. (See Coleman vs. McAnulty, 16 Mo., 173.)

Let the judgment be affirmed. The other Judges concur.