GELDERS *et al. v.* CITY OF FITZGERALD *et al.*

1. The charter of the City of Fitzgerald, as created by the act approved August 22d, 1907 (Acts 1907, p. 609), authorized the mayor and aldermen to elect a board of tax assessors, and conferred jurisdiction upon the tax assessors when so elected to assess the value of all real estate and personal property within the city, and to make their return to the mayor and aldermen. Upon complaint, the mayor and aldermen were authorized to raise the assessment so made by the assessors; but the jurisdiction of the mayor and aldermen over such matters was purely revisory, dependent upon complaint being filed by the taxpayer, and was in no sense original.

(a) A municipal tax on real estate, based on values designated by the mayor and aldermen of the City of Fitzgerald, under color of office, in excess of those at which given property was returned by the tax assessors, without any complaint having been filed by the taxpayer, was ultra vires, and may be enjoined at the instance of a taxpayer the assessment of whose property has been illegally increased.

2. In a suit to enjoin the collection of municipal taxes on real estate, based on values fixed by officers of the municipality acting ultra vires, it was competent to make as parties defendant the individual officers of the municipality who were alleged to have made the assessment and to be attempting to enforce collection of the taxes.

(a) The municipal corporation also was a proper party, and, not having been named, as a party defendant in the original petition, it was competent by amendment to make it a party in its appropriate corporate name.

NOVEMBER 19, 1910.

Equitable petition. Before Judge Whipple. Ben Hill superior court. November 30, 1909.

*Joseph B. Wall,* for plaintiffs.

*E. Wall, Clayton Jay,* and *D. B. Jay,* for defendants.

ATKINSON, J. The writ of error complains of a ruling of the judge disallowing an amendment, and also of the judgment dismissing the case on demurrer. Isidor Gelders, F. R. Justice, and C. A. DeLang filed a petition against J. G. Knapp, who was alleged to be mayor, C. W. Hayes and other named persons, who were alleged to be aldermen, C. M. Wise, who was alleged to be clerk, and Herman Smith, alleged to be marshal of the City of Fitzgerald, and declared substantially the following: In pursuance of section 39 of the act approved August 22d, 1907 (Acts 1907, p. 609), incorporating the "City of Fitzgerald," petitioners were elected and qualified as tax assessors for the year 1908, and in performance of the duties imposed on them by the provisions of the municipal charter they proceeded to assess for taxation the values of all real estate and personal property in the city, and made their return in terms of the law. No complaint of the assessment was filed, and the time for filing complaints had expired; but nevertheless "the said Mayor and Council" have illegally proceeded to revise the assessment so made by the assessors, and by so doing in some instances have doubled the assessed value of the real estate of taxpayers, including among them plaintiffs, and in other instances reducing the assessed value, the effect of which would make the burden of city taxation fall unequally upon taxpayers. The prayers were to enjoin J. G. Knapp, mayor, and

26

C. W. Hayes et al., aldermen, from changing the assessed values as returned by the assessors, C. M. Wise, the clerk, from issuing executions based on any other values than those returned by the assessors, Herman Smith, the marshal, from collecting executions based on any other values than those returned by the assessors, and for general relief.  Process issued against all the individuals named, and was served.  A demurrer was filed, on general grounds, and on the further ground that the petition was an attempt to sue the City of Fitzgerald, but was insufficient because the petition was not against the municipality under its corporate name as set forth in its charter, and because the process issued against J. G. Knapp and others was not a process against the City of Fitzgerald. · The defendants offered to amend the petition by alleging in substance that the "City of Fitzgerald," being interested in the assessed values of the property to be taxed, would be affected by the decision to be rendered in the case; and thereupon praying that the corporation in its proper corporate name be made a party.  The amendment was disallowed, and the petition was dismissed.

1.  The record brought to this court contains an answer which was filed, and likewise a petition which was presented to the judge by the City of Fitzgerald in its proper corporate name, for the purpose of obtaining a modification of the restraining order previously granted against the several officers designated in the statement of facts.  But the allegations contained in these documents are not to be considered in testing the sufficiency of the petition on questions of demurrer.  The complaint was not as to the right to enjoin the collection of State and county taxes.  The petition, construed in its entirety, was an effort to enjoin the collection of municipal taxes on a raised assessment alleged to be illegal and made without authority, rather than upon an assessment made by the city assessors, which was alleged to be legal and in accordance with the provisions of the city charter.  By section thirty-nine of the city charter provision was made for the election of city tax assessors by the city council, and their duties and powers defined.  Among other things it was declared: "That said assessors shall be required to deliver their tax returns as fast as completed to the city clerk, who shall immediately transcribe them on the city tax digest, and all returns and the digest shall be prepared and completed not later than April 1st of each year.  All complaints, if any should arise, against city

tax assessments shall be heard and adjusted by the city council at its first regular meeting of each year; and if there should be an excessive number of complaints, then and in that event the city council shall continue its sessions from day to day until said complaints shall have been heard and adjusted." No provision was contained in the charter, nor was there any in the general law, relative to any other remedy to a taxpayer who might be dissatisfied with the valuation placed on his property by the assessors either by affidavit of illegality or otherwise at common law; nor was there any other provision authorizing the mayor and aldermen to change or otherwise interfere with the values returned by the assessors. It thus appears that under the provisions of the charter the return was conclusive both upon the taxpayer and the city, unless complaint should be made by a taxpayer; and in the event of such complaint the mayor and council were authorized to take up the particular assessment complained of, and, after affording a hearing, render a binding decision with reference to the property so assessed; but it was not contemplated that the mayor and council should in any manner deal with the assessment of values of property in the absence of a complaint, and merely ex parte. The office of tax assessor of the city was made separate and apart from the offices of mayor and aldermen, and the latter as a body were given jurisdiction to deal with the matter of assessment of values only in cases where a complaint was lodged objecting to the return made by the tax assessors. Their jurisdiction was revisory in character, dependent upon complaint being filed by a taxpayer, and in no sense was it original. It was alleged that no complaint had been lodged by a property owner. In the absence of such a complaint, the ex parte action of the mayor and council in changing the assessed values as returned by the assessors was ultra vires, and, being illegal, afforded no authority for the issuance of tax executions or the levy thereof upon the basis of the raised valuation of the assessed property. The collection of a tax based upon values raised without authority being an act which would be manifestly ultra vires, injunction would lie to prevent it. *Keen* v. *Waycross,* 101 *Ga.* 588 (29 S. E. 42). In the case under consideration, the mayor and aldermen having authority to revise the assessments returned by the assessors where complaints are made by taxpayers, the presumption would arise, after action in that respect by the mayor and aldermen, that complaint had been

made; and it would be incumbent upon a complaining taxpayer, in order to establish the want of jurisdiction upon the part of the mayor and aldermen, to show the contrary. The imposition of the tax on the basis of values as raised by the mayor and aldermen would undoubtedly be such an act as would authorize interposition by a court of equity. On the general subject see Dillon on Municipal Corporations (4th ed.), §§ 914, 923, 924; Cooley on Taxation (3d ed.), 1447 et seq.; High on Injunctions (4th ed.), § 494.

2. Complaint was made that the judge refused to allow the petion to be amended in such manner as to make the City of Fitzgerald a party in its proper corporate name. The corporation was not a party. In order to make it so, it was essential that it be sued in its proper corporate name. *Town of East Rome* v. *City of Rome,* 129 *Ga.* 290 (58 S. E. 854), and citations. Certain persons who were named as officers of the municipality were sued as individuals. They were proper parties. It was alleged that they were acting under color of office, but proceeding in an illegal manner, and under such circumstances as to render injunction an appropriate remedy against them. The acts of these officers which was sought to be enjoined related to the collection of the city's revenue, and the municipality was interested in the cause. The suit was in equity, where all persons at interest ought to be parties. Civil Code, § 4844. In all such suits, where two or more persons sue or are sued, and the name of a person who ought to be joined as a plaintiff or defendant is omitted, the person so omitted may be made a party by amendment. Civil Code, § 5103. The case of *Tarver* v. *Dalton,* 134 *Ga.* 462 (67 S. E. 929), was not a suit in equity, but a mandamus proceeding, and the rule above announced was there affirmed. It was error to disallow the amendment.

*Judgment reversed. All the Justices concur.*