## WHITE *et al. v.* CITY OF FORSYTH *et al.*

1. A municipality and its ministerial officer charged with the collection of municipal taxes are proper parties defendant to a suit to enjoin the ·collection of city taxes. The municipality should be declared against in its corporate name; but a petition ·to enjoin the collection of municipal taxes, wherein the ministerial officer of the municipality charged with the enforcement of the tax is made a party defendant and it is attempted to make the municipality also a party, but its corporate name is incorrectly given, is amendable by making the municipality a party in its true corporate name.

2. In a suit to enjoin the collection of municipal taxes, on the ground that the act of the General Assembly authorizing the tax and extending the territorial limits of the municipality so as to embrace the plaintiff's property upon which the tax is levied is unconstitutional and void, the municipality is a necessary party.

3. A municipality delegated with the power of collecting its taxes by execution should pursue the statutory direction as to form, if any is given. Where the statute prescribes that a certain official shall issue the execution, if there be an omission to state that it issues in the name of the municipality, or, if the corporate name of the municipality is incorrectly given, such omission or error will not render the execution void if it can be gathered from the whole writ that it is issued pursuant to statutory authority. Such omission or error will be treated as

a harmless irregularity. In order to call into question the legal suffi-
ciency of a tax execution issued by a municipality, the fi. fa. must be set
out literally or in substance.

AUGUST 15, 1911.

Petition for injunction. Before Judge Daniel. Monroe superior
court. March 18, 1911.

*Robert L. Berner* and *Fletcher & Zellner,* for plaintiffs.

*Willingham & Willingham* and *Bloodworth & Bloodworth,* for
defendants.

EVANS, P. J. Joe White and several others, in behalf of them-
selves and such others as might desire to become parties plaintiff,
filed their petition alleging, that the corporate limits of the munic-
ipality of Forsyth embraced the territory within a radius of one-
half mile of the court-house by virtue of the act of February 1,
1866; that by the act approved August 14, 1907 (Acts 1907, p.
649), the limits of the city were extended an additional one-half
mile, so as to include all the territory within a radius of one mile
from the court-house; that the act of 1907 was amended by the
act approved August 14, 1909 (Acts 1909, p. 897), by striking
therefrom section 3 and substituting in lieu thereof a provision
that when as many as five property owners on any street shall file
their petition to the Mayor and Aldermen of the City of Forsyth,
asking that the water-mains, sewers, or electric lines be extended
on their street, it shall be the duty of the mayor and aldermen,
within one year after the filing of their petition, to extend the
water-mains, sewers, or electric lines, and the failure to extend
in the time given shall exempt the petitioners and others on the
street from taxation for the support of water-mains, sewers, electric
lines, as the case may be, until the petition is granted, provided
petitioners obligate themselves to become users thereof for at least
one year under the regulations imposed by the mayor and alder-
men; that the municipality of Forsyth has assessed taxes upon
petitioners' property located within the territory annexed by the
act of 1907; and has issued executions against petitioners and placed
them in the hands of the city marshal for collection; that the city
marshal has levied such tax executions and is advertising the prop-
erty of petitioners for sale for the purpose of enforcing the collec-
tion of the tax; and that the tax is illegal, because the act of 1907
extending the territorial limits of the city, and the act of 1909, are
unconstitutional for certain specified reasons. The "City of For-

syth" and the marshal were named as parties defendant; and the prayer was to enjoin the defendants from proceeding with the enforcement and collection of the tax fi. fas.; that the fi. fas. be decreed to be illegal and void; that the corporate limits of the City of Frosyth be decreed to extend only one-half mile from the court-house as a center; for general relief; and for process against the "City of Forsyth and J. W. Mays, Marshal of said City."

A rule nisi was issued; and upon the hearing for interlocutory injunction the Mayor and Aldermen of the City of Forsyth demurred to the petition on the grounds, that the suit is brought against "The City of Forsyth" and not against "The Mayor and Aldermen of the City of Forsyth," the corporate name of the municipality, as provided by the Acts of 1902, p. 427; that there is no proper defendant, nor is there any cause of action set forth; and that the petitioners have an adequate common-law remedy. Subject to its demurrer the City of Forsyth filed its answer. The plaintiffs then moved to amend their petition by striking the words "The City of Forsyth" wherever they may appear in the petition and substituting therefor "The Mayor and Aldermen of the City of Forsyth," and praying that the Mayor and Aldermen of the City of Forsyth be made a party defendant, and that the case proceed against the municipal corporation and its marshal, J. W. Mays; and that the fi. fas. described in the petition be decreed to be void for the reason that they are issued in the name of the "City of Forsyth" instead of "The Mayor and Aldermen of the City of Forsyth." This amendment was disallowed. The plaintiffs then further moved to amend by striking the words "its marshal" from the first line of the prayer, and the words "marshal of said city" from the prayer for process. This amendment was also disallowed. The case then proceeded to a hearing. and, after the submission of evidence. the court refused the injunction. The plaintiffs excepted to the refusal of the injunction, and to the disallowance of the amendments.

1. In a suit against a municipality to restrain the collection of taxes, the officers of the municipality attempting to enforce the collection of the tax and the municipal corporation are proper parties; and if the municipal corporation is not named originally a party defendant, it is competent by amendment to make it a party in its proper corporate name. *Gelders* v. *City of Fitzgerald,* 135 *Ga.* 400 (69 S. E. 569). The petitioners sought to declare against

the municipality in the first instance, but its correct corporate name was not given, and in effect the city was not a party to the action. The suit, however, was not a nullity, because the ministerial officer of the city was a proper party, and the city could be made a party by amendment. Civil Code (1910), § 5687. If the marshal had not been a party, the suit would have been against the "City of Forsyth;" and as a corporation can be only sued in its corporate capacity and by its corporate name, the suit would have been a nullity, and there would have been nothing to amend by. *Town of East Rome* v. *City of Rome*, 129 *Ga.* 290 (58 S. E. 854). But the marshal was a proper party to the suit, and the petition was amendable by adding the city as a party defendant.

2. Indeed, according to the case made by the petition, the city was not only a proper, but was a necessary party. Petitioners not only sought to enjoin the collection of specific fi. fas., but also prayed for a decree invalidating them and the acts of the legislature by authority of which they were issued. The marshal is not the general representative of a municipality, and a decree against him would only bind him as to the particular fi. fas. which he was attempting to enforce. The petition is filed by the plaintiffs in behalf of themselves and other taxpayers similarly situated, and the litigation is primarily directed against the municipality. It is a fundamental rule of equity that all persons interested in the subject-matter of a suit should be made parties thereto. The municipality of Forsyth is vitally interested in the attack on the constitutionality of the legislative enactments which enlarged its territory and its source of municipal revenue. Where an injunction will affect property rights or interests of a municipal corporation, such municipal corporation must be made a party defendant, and not merely the particular officer sought to be enjoined. 10 Enc. Pl. & Pr. 914; 22 Cyc. 914. The acting marshal might resign, die, or the office might otherwise become vacant; and if he alone was a party to the decree, his successors would not be bound. The plaintiffs are also interested in having the municipality a party defendant, since, if the attacks made upon the constitutionality of the various acts amendatory of the charter of the municipality are good, they will not be put to the necessity of bringing other suits to restrain the collection of taxes for each year the tax is sought to be enforced. The municipality is a necessary party defendant

to this cause; and as the court erroneously refused an amendment to make it a party, the judgment denying the interlocutory injunction must be reversed and the case remanded for another hearing after the municipality of Forsyth has been duly made a party defendant in its corporate name.

3. By section 20 of the act approved December 18, 1902 (Acts 1902, p. 427), authority was given to the Mayor and Aldermen of the City of Forsyth to enforce by execution the collection of taxes; the executions to be issued by the clerk of the city, attested in the name of the mayor. The allegation in the rejected amendment was that the tax fi. fas. "were void" for the reason that they were issued in the name of "The City of Forsyth" instead of "The Mayor and Aldermen of the City of Forsyth." Nowhere in the record is there any allegation giving the substance of the fi. fas. or a copy of them. The averment of the amendment is insufficient to show the invalidity of the fi. fas. Where the statute prescribes that a certain official shall issue the execution, an omission to state that the execution issues in the name of the municipality, or an error in giving the corporate name of the municipality, will not render the execution void if it can be gathered from the whole writ that it is issued pursuant to the statutory authority. Freeman on Executions, § 39. This allegation is insufficient as a challenge that the execution did not show upon its face that the statute was not complied with; and an informality or irregularity not going to the essence of the writ will not be regarded as vitiating the process. Black on Tax Titles, § 202.

*Judgment reversed. Beck, J., absent. The other Justices concur.*