## GLOVER *v.* COX, and *vice versa.*

1. Where a corporation, whose correct name is the National Building Association of Baltimore City, and its trustees pray for a judgment in the name of the trustees of the corporation against a debtor of the association, and a verdict and judgment are rendered in favor of "the trustees for the said National Building *and Loan* Association of Baltimore," and subsequently the defendant in the judgment files a petition to set aside the judgment on various grounds, but fails to make the objection that there is a variance between the corporate name as stated in the pleadings and as stated in the verdict and judgment, and such petition is dismissed on general demurrer, the defendant is thereafter estopped from making the objection of variance.

2. A misrecital of the name of the plaintiff in execution, in a sheriff's deed, does not destroy the validity of the deed, if the judgment and execution are so described therein that they may be fully identified.

3. A deed purporting to be the deed of the National Building Association of Baltimore City, executed in its behalf by M. McDonald Pritchard and W. R. Dimmock as trustees, and reciting that the corporation has recovered judgment against the grantee on a stated day and for a certain sum, and that the deed is executed for the purpose of having the execution levied upon the property and having it sold thereunder pursuant to. Civil Code of 1895, § 2771, bearing the caption, "Georgia, Fulton county," and signed by "M. McDonald Pritchard, trustee, and W. R. Dimmock, trustee," and attested as follows: "Signed, sealed, and delivered in presence of: Robert Ogle, Clerk Superior Court of Baltimore

City, the same being a court of record [seal of court]; Peter Stevens. As to Dimmock: J. R. Fox; J. H. Porter, N. P. Fulton Co., Ga.," prima facie imports that it was executed by Pritchard in Baltimore City and by Dimmock in Fulton county, Georgia, and within the jurisdiction of the attesting officials, and it was properly admitted to record.

FEBRUARY 14, 1912. REHEARING DENIED FEBRUARY 29, 1912.

Equitable petition. Before Judge Ellis. Fulton superior court. December 31, 1910.

This was an action by Laura Glover against the National Building Association of Baltimore City, a corporation of the State of Maryland, M. McDonald Pritchard, as trustee for the corporation, also of Baltimore, State of Maryland, Mrs. E. L. Cox, and John W. Nelms, sheriff, to vacate and set aside a sheriff's deed and to recover the land. · Various amendments to the petition were allowed, and the petition and amendments were demurred to. Some of the demurrers were sustained and some overruled. The defendants filed their answers, and the case was tried before the judge, without the intervention of a jury, who rendered judgment for the defendants. The plaintiff sued out a bill of exceptions, complaining of the judgment, and assigning error on certain pendente-lite exceptions; and the defendants sued out a cross-bill of exceptions.

On the trial of the case it was made to appear that on April 23, 1897, Laura Glover executed to M. McDonald Pritchard, of the city of Baltimore, State of Maryland, and W. R. Dimmock, of Fulton county, Georgia, trustees for the National Building Association of Baltimore City, upon a consideration of $1,680, a deed to land. The deed stipulated that "the said parties of the second part are to hold said property 'in trust as security to secure the payment of the dues upon 42 shares of stock to the National Building Association of Baltimore City; . . upon due performance of said covenants to reconvey the same to the said Laura Glover, and if not, they are to sell the same at public outcry," etc. The trustees accepted the trust in writing, and the deed was duly recorded. Laura Glover having made default in the payment of the indebtedness secured by the deed, the trustees, by virtue of the power of sale in the deed, advertised the land for a sale to occur on June 7, 1898. Four days prior to the time the sale was to take place Laura Glover filed a suit against the National Building Association of Baltimore City and W. R. Dimmock and M. McDonald Pritchard, as trustees for the association, to enjoin the sale. The association

and the trustees answered the petition, and prayed: that the temporary injunction be dissolved, and the trustees be allowed to proceed with the sale; that a special decree be passed, charging the property in dispute with a special lien for the indebtedness of the association; that the property be sold for the satisfaction of said indebtedness; that judgment be rendered for said amount; and that such other and further relief as to the court seemed proper be granted. The defendants subsequently amended their answer, praying: that a judgment be rendered in favor of the defendant against the plaintiff for the sum admitted to be due; that the instrument attached to the petition be declared to be a deed passing title to the trustees to secure the sums admitted to be due; that the judgment above referred to be a special lien upon the land in dispute; that the trustees make a quitclaim deed to the plaintiff; and that execution be issued upon said judgment, and that it be levied upon said land and that a sale thereof be made. On March 15th, 1900, a verdict was rendered, the material parts of which are as follows: "that the instrument attached to the petition in said cause is a deed and not a mortgage; that the trustees for the said National Building and Loan Association of Baltimore do recover of the plaintiff, Laura Glover, the sum of $1,424.40 principal, and $279.55 interest to date, and future interest; that said trustees of said association have a special lien upon the land for the sums aforesaid; that judgment and execution, to be issued upon this verdict when said trustees quitclaim said land to the plaintiff, be levied upon said land and the same be sold to satisfy said judgment and execution." The judgment complained of in this proceeding was rendered on March 30, 1900. The clerk issued a fi. fa., directed to all and singular the sheriffs of said State, against Laura Glover, and especially the land described in the deed to secure debt, reciting the principal, interest, and cost, "which at our superior court for said county, to wit, on the 15th day of March, 1900, the National Building and Loan Assn. of Baltimore, as plaintiff, recovered against said Laura Glover, defendant, for principal, interest and cost." A quitclaim deed was filed by the trustees to Laura Glover, and recorded on June 7, 1900. On June 8, 1900, the sheriff of Fulton county levied the fi. fa. on the land, which was fully described, and recited that "the above-described property was deeded to the trustees by Laura Glover. See deed book 126, page

290. Levied on as the property of Laura Glover, June 8, 1900." The sheriff entered on the fi. fa. the following entries: "Served Laura Glover personally with the above levy, June 18, 1900." "Georgia, Fulton county, After due and legal advertisement as required by law, the property described in the attached levy was exposed for sale at public outcry before the court-house door in the city of Atlanta, Fulton county, Georgia, on the 1st Tuesday in December, 1901, within the legal hours of sale, when and where the same was knocked down to National Building and Loan Association for the sum of $500, being the highest and best bidder, and the receipt of said sum is hereby acknowledged. This December 3, 1901. R. P. Thomas, D. shff." Next follows the receipt signed by the plaintiff's attorneys for $435.90, as a credit on the fi. fa., and an entry apportioning the cost among the officers of court. On the back of the fi. fa. is a statement that it was issued on a judgment dated March 15, 1900, in suit number 6037, also style of the case, amount of the judgment as to principal, interest, and cost, and the various places of entry on the execution dockets as required by law, with the names of the plaintiff's counsel. Also there was the entry: "I, G. H. Tanner, do hereby amend this fi. fa. by adding before the name of the plaintiff in fi. fa. the following words: 'M. McDonald Pritchard and W. R. Dimmock, trustees for.' This October 5, 1900. G. H. Tanner, Clerk." Also, the entry: "This amendment allowed. This October 31, 1900. J. H. Lumpkin, Judge." Also, an entry that the same was recorded in Book 126, page 88, the 5th day of December, 1901. On December 3, 1901, the sheriff of Fulton county executed and delivered a deed conveying the land in controversy to National Building Association of Baltimore City, wherein the following recitals appear: "Whereas, in obedience to the writ of fieri facias issued from the superior court of the county of Fulton, at the suit of National Building and Loan Association against Laura Glover," etc. "The above-described property was deeded to said trustees by Laura Glover. See Deed Book 126, page 290." A claim was filed, after the levy of the fi. fa., by Laura Glover as agent and trustee for Arsene L. and Elise Glover, and the style of the case was National Building and Loan Association against Laura Glover, defendant in fi. fa., and Laura Glover, trustee, claimant. The claim case was tried prior to the sale, and the property was found subject. On February 10, 1903,

Laura Glover filed, in Fulton superior court, a petition against W. R. Dimmock and M. McDonald Pritchard, as trustees of the National Building Association of Baltimore City, in which, after reciting the filing of the petition, as set out, in suit number 6037, wherein she sought to enjoin the sale of the disputed property by the trustees, and the filing of the cross-bill in that case, she alleged as follows: "On March 15th said case was heard. The court at said trial directed a verdict to be made in accordance with the prayer of the answer of the defendant, which was done. A verdict and decree was made in said case on said date, which adjudged same to be a deed and not a mortgage, and that the trustees of said association had a special lien on said land for the sum of $1,446.00 principal, and $279.55 interest to that date, and that judgment and execution issue for that amount, and that defendant make deed to plaintiff, and that plaintiff pay costs. Said judgment and verdict were erroneous, as said paper was not in law a conveyance of the title as it appears on its face. That her plea of usury was a good one, and voided said paper as a deed. That this proceeding is filed within three years from the date of said judgment." She prayed that the verdict and decree rendered against her in favor of W. R. Dimmock and M. McDonald Pritchard be vacated and set aside. This suit was dismissed on general demurrer, which judgment was affirmed by the Supreme Court. On August 10, 1904, Laura Glover filed an action in ejectment against Mrs. E. L. Cox, who purchased the land from the National Building Association of Baltimore City, which resulted in a verdict for the defendant, which judgment was affirmed by the Supreme Court.

*W. H. Terrell,* for plaintiff.

*J. H. Porter* and *Rosser & Brandon,* for defendants.

Evans, P. J.   (After stating the foregoing facts.)

1. The correct name of the corporation which loaned the money and to which the deed to secure the loan was made is the National Building Association of Baltimore City. It appeared in its true name in the pleadings filed by itself and its trustees in which the judgment was rendered. The verdict and judgment is in favor of the "trustees for the said National Building and Loan Association of Baltimore." In her petition the plaintiff alleges the sheriff's sale and deed to be void, "because there is no judgment in Fulton superior court against petitioner in favor of W. R. Dimmock and M.

McDonald Pritchard, trustees for National Building and Loan Association of Baltimore." If this allegation is to be taken literally, it is disproved by the record. If it is to be taken as an allegation that the variance in the corporate name between the judgment and the pleadings is of such vital nature that the judgment is void, it becomes necessary to inquire into the legal sufficiency of the attack made on it. The judgment followed the verdict. "Verdicts must have a liberal construction, and should be construed so as to stand if practicable; and the judge may examine the entire pleadings, the admissions in the answer, and all the undisputed facts, in making a final decree." *Mayor &c. of Macon* v. *Harris*, 75 *Ga.* 761. There can be no doubt that the National Building and Loan Association of Baltimore, referred to in the verdict, is the corporation which was a party to the case, and the correct name of which appeared in the pleadings as the National Building Association of Baltimore City. The misnomer of the corporation in the verdict and judgment is not so radically different as to indicate that an entirely different corporation was intended. The plaintiff is estopped from complaining of this irregularity. After the sale of the land, she filed a proceeding to set aside this verdict and judgment, and her petition was dismissed on general demurrer. Although she did not raise this particular objection, she is just as much estopped by the judgment as if she had made the point. It is not permissible for a party who has several grounds of attack on a judgment to file successive actions on each ground to vacate the judgment. The defect was an amendable one; and the defendant in the judgment, having litigated with the plaintiffs as to the validity of the judgment, should have raised this objection, and, failing to do so, she will be thereafter estopped. *Bradford* v. *Water Lot Company*, 58 *Ga.* 280 (3); *Mitchell* v. *Toole*, 63 *Ga.* 93.

2. It is alleged that the levy and sale are void, because the deed filed for levy and sale recites that it was filed for the purpose of having a fi. fa. in favor of National Building Association of Baltimore City levied on the property, and for no other purpose, and that the variance in the name of the plaintiff in the sheriff's deed and the judgment and execution is a fatal defect. This variance between the recital of the name of the plaintiff in the sheriff's deed and in the fi. fa. does not render the deed void. It is said in 3 Freeman on Executions, § 329: "While the recital of the several

44

facts upon which the officer's authority to convey depends is not indispensable, yet it is usually made or attempted in each deed. ·The attempt frequently results in mistakes. The name of one of the parties, the date of some of the facts, or the amount of the execution or of the sale may be incorrectly stated. But if the recital is unnecessary, the fact that it is either imperfectly or incorrectly made can be of no consequence." See also 3 Devlin on Real Estate, § 1430. Certainly the misrecital of the name of a plaintiff in the judgment does not vitiate the deed if the identity is made clear. Loomis *v.* Riley, 24 Ill. 307; Union Bank *v.* McWhorters, 52 Mo. 34. In the case of Wilson *v.* Campbell, 33 Ala. 249 (70 Am. D. 586), a judgment was entered in favor of the Branch Bank at Mobile as plaintiff, and the execution followed the judgment. In the sheriff's deed the execution was recited as having issued in favor of the " Branch of the Bank of the State of Alabama at Mobile," and the court held that the deed was not rendered invalid because of the variance between the judgment and execution under which the sale was made and the recitals thereof in the deed. In the case in hand the reference in the sheriff's deed to the execution under which the sale was made is so clear that no confusion can result from the misrecital, and the deed is not void on this account. See *White* v. *Forsyth,* 136 *Ga.* 634 (71 S. E. 1073).

3. The sheriff's sale is alleged to be void, because the deed from the plaintiff to the defendant, filed for the purpose of levy and sale, was not properly attested for record. As will be seen from the statement of facts, Laura Glover had borrowed money from the National Building Association of Baltimore City, and had secured the loan by deed to W. R. Dimmock and M. McDonald Pritchard as trustees for the association. Under the statute the grantee or lender must sue his debt to judgment, then execute a quitclaim deed to the grantor or borrower, and when this deed is filed and recorded the execution issued upon the judgment may be levied on the land. A levy and sale made without filing and recording the deed is void. *Gammon* v. *Benedict,* 122 *Ga.* 412 (50 S. E. 162). So that it becomes necessary to inquire into the legality of the record of the deed made by the trustees of the National Building Association of Baltimore City for the purpose of levy and sale. The caption of the deed is "Georgia, Fulton County." It is made " between M. McDonald Pritchard and W. R. Dimmock as trustees of the National

Building Association of Baltimore City, parties of the first part, and Laura Glover of the second part." It contains this clause: "Whereas the said National Building Association of Baltimore City, on the 15th of March, A. D. 1900, recovered judgment against the said Laura Glover for the sum of $1,743.80, upon which execution has issued, and whereas the said execution is a special lien upon the above-described property, now, therefore, in accordance with the Code of Georgia of 1895, section 2771, have parties of the first part executed this deed for the purpose of having said execution levied upon said property, and having it sold thereunder in satisfaction thereof, and for no other purpose whatsoever." It is signed and attested as follows:

"In witness whereof the parties of the first part have hereunto set their hands and fixed their seals the day and year above written.

"M. McDonald Pritchard, Trustee. W. R. Dimmock, Trustee.

"Signed, sealed, and delivered in presence of:

"Robert Ogle, Clerk Superior Court of Baltimore City, the same being a court of record [Seal]. Peter Stevens.

"As to Dimmock. J. R. Fox; J. H. Porter, N. P. Fulton Co., Ga."

The recording acts only authorize the clerk of the superior court to record such papers as are entitled to record and which have been attested in manner and form as the statute prescribes. The registry of a deed serves a dual function; it is constructive notice of the existence of the original deed and permits its reception in evidence without proof of its execution. Our recording statutes provide that "in order to authorize the record of a deed to realty or personalty, if executed in this State, it must be attested by a judge of a court of record of this State, or a justice of the peace or notary public," etc. Civil Code (1910), § 4202. "To authorize the record of a deed to realty or personalty, when executed out of this State, the deed must be attested by or acknowledged before a commissioner of deeds for the State of Georgia, . . or by a judge of a court of record in the State where executed, . . or by a clerk of a court of record under the seal of the court," etc. Civil Code (1910), § 4203. Unless a deed shows on its face that it is entitled to record, the clerk should not record it. In the absence of a recital in a deed that it was executed elsewhere, the presumption is that the situs of its execution was the place named in the caption; and unless it

appears from the face of the paper that the officer by whom it was officially attested was without the territorial limits of his official jurisdiction in attesting the same, it will be presumed prima facie that he was acting within his jurisdiction. *Rowe* v. *Spencer,* 132 *Ga.* 426 (64 S. E. 468). But if the attesting official describes himself as an official of a county different from that stated in the caption, the prima facie presumption is that the deed was executed at the place named in the caption and attested by an official of the county which he describes himself to be; and if that official has no authority to attest deeds in the venue of the caption, the deed can not properly be recorded. *Allgood* v. *State,* 87 *Ga.* 668 (13 S. E. 569). Every presumption which the law may indulge from the maxim, omnia præsumuntur solemniter esse acta, may be invoked in favor of the inference that the deed was executed within the attesting official's jurisdiction, where the deed does not bear evidence to the contrary. In the case of a deed executed by one person the application of the forgeoing rules is attended with less difficulty than where there are several signers. In the case at bar the caption of the deed was "Georgia, Fulton County." As to one of the signers it was attested by an official of that county, and as to this signer there can be no doubt that the deed was properly executed for record. As to the other signer the deed does not disclose his residence, but does bear internal evidence that he is the trustee of a corporation of Baltimore City and is making the deed in its behalf. This at least affords some ground for assuming that the trustee in the performance of a corporate act was at the place of business of the corporation. Indeed, were it not for the presumption to be drawn from the situs of the caption and the official jurisdiction of the attesting magistrate to one of the signers, we might assume that both trustees in the performance of a corporate act were discharging corporate functions at the home of the corporation. One fact apparent from the double attestation is that the deed was not signed coincidently by the two trustees. And is not this sufficient, in connection with the fact that the other trustee was performing a corporate act for a corporation of Baltimore City and went before a clerk of a court of record of Baltimore City to have his signature attested, to justify the inference that one trustee signed the deed in Fulton county, Georgia, and the other signed it at Baltimore City? We think so. In drawing this

conclusion we do not put the recital of the situs in the caption in opposition to the recital of the jurisdiction of the attesting official. On the other hand, we give effect to both by holding that the recital of the situs in the caption and the recital in the signature of the magistrate who attested Dimmock's signature that he was an official of the same county indicates that the deed was executed in Fulton county, Georgia, by Dimmock; and the other circumstances to which we have adverted indicate that the other signer, Pritchard, executed the deed at Baltimore City. Courts will always construe an official document or official act so as to give effect to it, if it can be done consistently with the act and the rules of construction. The point is not that the public or the person interested is concluded by the inference, because aliunde evidence is allowable to show that the deed was not properly attested for record; but whether the deed bears on its face facts authorizing the inference that it was properly executed for record. We deem it a fair presumption that the deed was not executed simultaneously by the two signers; that it was executed by Dimmock in Fulton county, Georgia, and by Pritchard at Baltimore City, and that it was entitled to record.

The foregoing rulings make it unnecessary to decide the other points raised in the record.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur, except Hill, J., not presiding.*