SAUNDERS, mayor, *et al. v.* RAINEY *et al.*

LUMPKIN, J. 1. An equitable petition filed by taxpayers of a municipal corporation alleged, among other things, the following: A municipal corporation issued bonds to the amount of $25,000, and adopted an ordinance providing for a sinking fund, and for the manner of payment of the bonds. The mayor and councilmen failed to comply with the law by paying into the sinking fund the proper amounts. The town now owes the sum of $2,000 for money borrowed. The expenses of conducting the municipal government for the balance of the current year will amount to $1,200 or more. A bond of the denomination of $1,000 will be due during the year, and also $575 as interest. If all the existing demands upon the town, due and payable during the current year, including the amount that should be paid into the sinking fund, are paid, there will be a deficit in the treasury of approximately $5,000. The mayor and council have threatened to lay, and have actually begun the laying of a line of water-mains from the city's water plant for a distance of nearly a mile, at an expenditure of about $4,000, for which they will have to incur an indebtedness. The water-main about to be laid is not a necessity for the welfare of the town, and will not serve more than about half a dozen buildings exclusive of an oil-mill which is being erected on the eastern edge of the town, and this furnishes the primary and almost exclusive excuse for laying such main. This mill is owned by a corporation in which the mayor and one of the councilmen are large stockholders and officials. The only other possible purpose which could be served by the laying of the water-main is to enhance the value of a large vacant tract of land, through which it will pass, and which is owned by a partnership in which the same alderman above referred to and the treasurer of the town are members. Injunction was prayed. *Held,* that the municipal corporation was a necessary party defendant to such a proceeding.

2. Where a legislative act declared that "The municipal government of the town of Arlington shall consist of a mayor and five (5) aldermen, who are hereby constituted a body corporate under the name and style of the Mayor and Council of the Town of Arlington and by that name and style shall have the perpetual succession, and shall by said name be capable to sue and be sued in any court of law or equity in this State, plead and be impleaded, and do all other acts relating to their

corporate capacity" (Acts 1890-91, p. 867, 868), the corporation should be sued, or made a party to the suit, in its corporate name. In order to do so, it is not sufficient to name the individuals for the time being occupying the offices of mayor and councilmen, and to pray process against them.

(a) The action having been brought against the individuals who occupied the offices of mayor and councilmen, and also the clerk and treasurer, it was amendable by adding the corporation in its proper córporate name as a party defendant. *White* v. *City of Forsyth*, 136 *Ga.* 634 (71 S. E. 1073).

(b) Where objection was duly raised to granting the interlocutory injunction without making the municipal corporation a party defendant, it was error to disregard such objection and grant the injunction in the absence of the defendant so essential to its grant.

3. Having held that the municipal corporation was vitally interested in the question to be determined, and that the case should not have proceeded against its officers alone, thus adjudicating the rights and interests of the municipality in its absence, this court will not proceed to determine the various questions of law and fact raised by the bill of exceptions, but will reverse the judgment and return the case to the superior court that further proceedings may be had in accordance with this decision.

*Judgment reversed. All the Justices concur.*
DECEMBER 9, 1913.

Injunction. Before Judge Frank Park. Calhoun superior court. August 22, 1913.

*B. W. Fortson* and *Pope & Bennet,* for plaintiffs in error.
*Sheffield & Askew,* contra.