BIRMINGHAM TRUST & SAVINGS Co., trustee, *v.* STOWE *et al.*

GILBERT, J. 1. Error is assigned on the following charge: "If the property can be divided so that it will not injure the property, so as not to injure its value, why then it must be divided; but if a division of the property reduces the property in such a way as that its value is reduced, its inherent value is reduced by reason of the division, why then he is not called upon to make a division; an officer is not required to divide and sell a part. Now, as far as possible, to make that clear to you: it may be that there would be a bit of property that altogether the entire property would be valuable property, and if you cut off a certain part of it in such a way as would largely destroy the value of the property, of the part left, as well as to reduce the value of the part taken to be sold, and where that was true, why then the officers would not be required to divide it, because he is not required to do anything that would work an injury; and if it would in that way work an injury, why he would not be required to divide it, and the levy would not be excessive under those circumstances where dividing would work an injury of that sort." This charge was error. "The fact that the lot as divided would not be worth as much as if sold as a whole is no reason why it should be levied on and sold in bulk. It is better for the owner that the property should be somewhat damaged than that the entire tract should be taken and sold under an excessive levy." *Roser* v. *Georgia Loan & Trust Co.*, 118 *Ga.* 181 (3) (44 S. E. 994).

2. Error is assigned on the following charge: "Now generally, gentlemen, a principal is bound by whatever knowledge an agent may have. In that connection and in this case, I think the true rule as applicable to this case would be, and I charge you, that if Dr. Stowe had some secret information and purpose or intention about the matter, not known to Mrs. Stowe, and she saw the property being advertised, and of her own volition decided upon buying it, not instigated by him, and she did not know of any secret intention he had, if he had any secret intention, and invested her own money in the property, not knowing anything about that intention or purpose he had, if he had any, and he had nothing to do with the matter either by causing her to become the purchaser or otherwise, other than bidding in the property at her instance and request, then under those circumstances Mrs. Stowe would not be

chargeable and would not be bound with any secret intention or purpose he had, if he had any, in connection with the matter; but if she bought and purchased and paid her own money, in good faith, under circumstances like that, then, in so far as this phase of the case is concerned, she would be protected in any title that she may have obtained, if any. I scarcely think that the true rule with respect to notice to agent should be held to apply under circumstances of that sort." This charge was error because, under the evidence, the husband was cting as agent for his wife in buying the property in at the tax sale, and under the allegations of the petition the husband and wife are charged with conspiring to defraud the plaintiff in fi. fa. by allowing the property to go to sale for an insignificant sum due for taxes, and that the husband was to buy the property at the sale for the wife. *Lewis* v. *Equitable Mortgage Co.*, 94 *Ga.* 572 (3) (21 S. E. 224).

3. Error is assigned on the failure of the court to charge section 3011 of the Civil Code (1910), as follows: " A married woman may make contracts with other persons; but when a transaction between husband and wife is attacked for fraud by the creditors of either, the onus is on the husband and wife to show that the transaction was fair." Under the allegations of the petition this was the controlling issue in the case, and it was error for the court to fail to give in charge to the jury this principle literally or in substance. In connection with the principle ruled in the next preceding headnote this code section was directly applicable.

4. One ground of the motion complains that the court admitted in evidence, over objection, the municipal tax fi. fa. against M. N. Stowe, for $53.55, on which the property was sold, the same being issued by the clerk of council of Jesup under seal, attested by the mayor, showing on its face that it was issued for the amount of city taxes due " to the Mayor and Council of the City of Jesup." The objection was that the fi. fa. should have shown that it was for taxes due the " City of Jesup," and further because there was no authority to issue the fi. fa. for taxes due the mayor and council. The corporate name oi that municipality is " City of Jesup." Acts 1915, p. 640. All writs, processes, subpoenas, executions, and the like should be issued in such corporate name. The averment of the amendment is insufficient to show the validity of the fi. fa. " Where the statute prescribes that a certain official shall issue the execution, an omission to state that the execution issues in the name of the municipality, or an error in giving the corporate name of the municipality, will not render the execution void if it can be gathered from the whole writ that it is issued pursuant to the statutory authority; . . an informality or irregularity not going to the essence of the writ will not be regarded as vitiating the process." *White* v. *Forsyth*, 136 *Ga.* 634 (3) (71 S. E. 1073). Nowhere in the record do we find a copy of the tax fi. fa., or an allegation giving the substance thereof in its entirety. The court did not err in allowing the fi. fa. in evidence.

5. The remaining grounds of the amended motion do not show error, and are not of such character as to require special mention.

*Judgment reversed. All the Justices concur.*

No. 3673. NOVEMBER 17, 1923.

Claim.    Before  Judge  Highsmith.    Wayne  superior  court. February 6, 1923.

A fi. fa. issued from the city court of Jesup, in favor of Birmingham Trust & Savings Co., trustee in bankruptcy of Standard Home Co., for the aggregate amount of $1207.59, was levied upon two adjoining parcels of real estate fronting 84 feet and 50 feet, respectively, on Plum Street in the town of Jesup, having a depth of 250 feet, as the property of M. N. Stowe. A claim to the property was interposed by Mrs. Georgia G. Stowe. Plaintiff in fi. fa. filed an equitable amendment in aid of the levy, setting out that M. N. Stowe executed to Standard Trust Co. (which became, by change in name, Standard Home Company), a mortgage covering the lot 84 feet wide, to secure the payment of a series of promissory notes, and subsequently made to Standard Home Company a mortgage covering both pieces of property mentioned, to secure another series of notes; that he failed and refused to pay certain of the notes in each series; that he suffered said property to be sold for taxes due to the town of Jesup and at the sale had pretended to bid the same off for his wife, Mrs. Georgia G. Stowe; that this was done for the purpose of defrauding plaintiff and destroying the lien of the mortgages mentioned; that the amount of the tax fi. fa. levied upon said property was $53.55; that this amount included not only taxes upon the property mentioned, but also upon other realty and seven or eight hundred dollars worth of personal property of M. N. Stowe; that although the property mentioned was worth $1500 or more, and nothwithstanding the fact that Stowe owned other property sufficient to cover said taxes, he pointed out the property covered by petitioner's mortgages, and at the sale bid the same in for barely enough to pay the taxes; and that the deed made in pursuance of said sale was therefore fraudulent and void. The prayers were, that M. N. Stowe and the marshal of Jesup be made parties defendant; that the mortgages mentioned be foreclosed and the equity of redemption of M. N. Stowe barred; that plaintiff have judgment for the indebtedness named; that the lien of the mortgages be set up and established against the land; that the same be sold for the purpose of satisfying said indebtedness; and that the tax deed made by the marshal of Jesup to Mrs. G. G. Stowe be canceled as a cloud upon the title to said land and upon the lien of plaintiff's mortgages.

Both the defendant in fi. fa. and the claimant filed answers denying the material averments of the equitable amendment. Upon the trial the plaintiff introduced in evidence the fi. fa. in its favor against M. N. Stowe, with entry of levy, the unpaid notes, the mortgages with entries showing them to have been duly recorded, deeds under which Stowe acquired title to the two pieces of property, deed made by the marshal of the town of Jesup to Mrs. G. G. Stowe, reciting a consideration of $60.55, together with other documentary evidence; and offered oral testimony to the effect that the written application made by Stowe to the Standard Home Co. for a loan recited that the applicant was worth $4000 above liabilities; that the property mentioned was worth in 1916, at the time it was sold for taxes, approximately $1800 to $2000; that the lot fronting 50 feet on Plum Street was worth about $400, and could have been sold without the other lot. The claimant introduced the tax fi. fa. issued by the town of Jesup against M. N. Stowe, together with entry of levy and other documentary evidence. She also offered the testimony of M. N. Stowe and herself, to the effect that at the time of the tax sale mentioned M. N. Stowe did not own any other property; that there was a dwelling-house on the lot 84 feet wide; that the barn was located on the lot 50 feet wide; that the property was not susceptible of subdivision; that Mrs. Stowe had paid for the property involved in this litigation, together with other property acquired from her husband, with money derived from her father's estate; and that at the tax sale her husband bid off the property for her. The jury returned a verdict for the claimant. A motion of plaintiff in fi. fa. for a new trial was overruled, and upon this judgment error was assigned.

*Parker & Parker* and *Thomas & Walker,* for plaintiff.

*Gibbs & Tuener,* contra.