BAGWELL, Commissioner, *et al.* v. CASH *et al.*

HEAD, Justice. 1. "Powers of all public officers are defined by law, and all persons must take notice thereof. The public may not be estopped by the acts of any officer done in the exercise of a power not conferred." Code, § 89-903.

2. County boards of tax assessors are limited by law in the employment

of agents. Such agents may be employed to seek out unreturned property for taxation. They may be paid a commission not exceeding 10% of the county and school tax on returned property placed on the digest "by the efforts of said agents." Code (Ann.), Chapter 92-69, § 92-6910 (Ga. L. 1913, p. 123, as amended, Ga. L. 1937, p. 517). The Board of Tax Assessors of Hall County can not delegate its duties pertaining to the equalization of property valuations for ad valorem taxation, nor can the board contract for services of the nature stipulated in the contract executed by the board.

3. The Board of Commissioners of Roads and Revenues of Hall County has neither express nor implied authority to contract with reference to any of the powers and duties of the Board of Tax Assessors of Hall County. Ga. L. 1935, p. 661; *Decatur County* v. *Roberts,* 159. *Ga.* 528 (126 S. E. 460).

4. Constitutional questions will not be decided by this court unless a ruling thereon is essential in the determination of the cause.

5. The trial court did not err in overruling the demurrers to the petition. *Judgment affirmed. All the Justices concur. Duckworth, C.J., concurs specially.*

No. 17110. JULY 11, 1950. REHEARING DENIED JULY 24, 1950.

224

A. R. Kenyon and Kenyon, Kenyon & Gunter, for plaintiffs in error.

Stow & Royal and G. Fred Kelley, contra.

Emory F. Robinson, amicus curiae.

ON MOTION FOR REHEARING.

DUCKWORTH, C. J., concurring specially. I fully concur in all that is said in the opinion, but certain contentions made in the motion for a rehearing should be met and to do that is the purpose of this special concurrence. The motion asserts that the opinion here is in conflict with the decision in *Tietjen* v. *Mayor &c. of Savannah*, 161 *Ga.* 125 (129 S. E. 653), and that we should overrule one of them. In that case the contract entered into by the city was, by this court, held to have been authorized by quoted charter power. Here there not only is no statutory power to execute the contract involved, but, on the contrary, the statute, Code, Chapter 92-69, expressly prescribes the acts called for by the contract as duties of the tax assessors, and it fixes the compensation the assessors shall receive from the county treasury for such services. Thus, by laying this duty upon the assessors, the law denies power to either the assessors or county commissioners to pay again for that specific service as is undertaken by the contract here assailed. In principle what we now hold was held in *Decatur County* v. *Roberts*, 159 *Ga.* 528 (126 S. E. 460), where it was held that the statute therein conferring authority upon assessors to perform specific acts negatives any implied power of the county commissioners to perform the same acts.

What we have held is simply that county tax assessors can not, with the approval of county commissioners, obligate the county to pay another, with county funds, for performing services which the law requires the assessors to perform and for which they draw pay from the county. We are not impressed by the mention of numerous other counties that have violated the law in similar fashion. Our sole concern is to uphold the law as written, and, if this disallows employment and payment for the services of others desired by the county, the lawful remedy and the only recourse is appeal to the legislature for enactment of laws authorizing such additional expenditures for additional employees.