EZZARD *et al.* v. CITY OF LAWRENCEVILLE *et al.*

HAWKINS, Justice. 1. Section 19 of the charter of the City of Lawrenceville, Georgia (Ga. L. 1912, pp. 1043, 1051), provides: "During the month of January of each year the City Council *shall* elect from among the qualified voters of the City of Lawrenceville, three upright, intelligent freeholders who shall act as city tax assessors, and whose duty it shall be to visit each city lot or other subdivision of land within the City of Lawrenceville and place a fair valuation thereon, and whose duties it shall be to value all improvements, and assess for taxes in the City of Lawrenceville all other property, real and personal, and of every nature whatsoever, and cause to be made returns thereof." While section 32 of the charter provides "That the mayor and council of said city shall have full power and authority for the assessment, levying and collecting of an ad valorem tax on all real and personal property, including money, notes, bonds and other evidences of indebtedness, money used for banking and every other species of property in said city, or owned or held therein," this provision must be construed in connection

with section 19, which is mandatory in its requirement that the assessment or valuation of property for taxation must be made by the tax assessors whom the city council is required to elect, and neither section 32 of the charter nor any other provision thereof specifically authorizes the mayor and council to employ any other agency to perform the duties and discharge the responsibilities thus placed upon the tax assessors. Such mandatory provisions, requiring the city council to elect tax assessors, and specifying their duties and the manner in which they are to be performed, negative any authority on the part of the mayor and council to employ anyone else to do the same thing. *Decatur County* v. *Roberts*, 159 *Ga.* 528 (126 S. E. 460); *Bagwell* v. *Cash*, 207 *Ga.* 222 (60 S. E. 2d, 628).

This case differs from *Tietjen* v. *Mayor & Aldermen of Savannah*, 161 *Ga.* 125 (129 S. E. 653), in that, in the charter of the City of Savannah, there was no mandatory requirement that the mayor and aldermen elect assessors, and specifying their duties, as provided in the charter of the City of Lawrenceville, but the right of the Mayor and Aldermen of the City of Savannah to elect assessors was discretionary under Code, § 92-4001.

2. The trial court erred in sustaining the general demurrer and dismissing the petition brought by citizens and taxpayers, seeking to have the contract referred to declared invalid upon the grounds above indicated, and to enjoin the payment from city funds of a portion of the contract price for the services rendered by the employed agency thereunder. *Bagwell* v. *Cash*, 207 *Ga.* 222 (supra).

*Judgment reversed. All the Justices concur.*

No. 17318. FEBRUARY 14, 1951. REHEARING DENIED MARCH 14, 1951.

*W. L. Nix*, for plaintiffs.

*Marvin A. Allison, Allison & Pittard*, and *Wheeler, Robinson & Thurmond*, for defendants.