18400. GRAVES, Mayor, *et al. v.* WALL *et al.*

CANDLER, Justice. On May 27, 1953, the City of Clarkesville, Georgia, through its mayor and council, entered into a written "Reassessment Contract" with the Public Administration Service of Chicago, Illinois, agreeing thereby to pay it approximately $3,500 for certain expert service and advice concerning property values for city-tax purposes. Alleging themselves to be citizens and taxpayers of the City of Clarkesville, L. B. Wall, Sr., and Wilburn Dover, in their own behalf and in behalf of others similarly situated, filed a petition in the Superior Court of Habersham County against Mrs. Amilee C. Graves, J. L. Walker, Robert H. Burch, Jr., Herbert Ruark, Lee Arrendale, and Homer Tatum in their official capacity as mayor and councilmen, respectively, of the City of Clarkesville, and against the Public Administration Service, an Illinois corporation, in which they prayed for cancellation of the reassessment contract of May 27, 1953, and for an injunction prohibiting the defendants from paying out city funds for the expert service and advice contracted for. A copy of the contract was attached to and made a part of the petition. In substance, the petition alleges that the contract, insofar as the City of Clarkesville is concerned, was an ultra vires act, and therefore null and void. The plaintiffs subsequently made the City of Clarkesville a party defendant. General and special demurrers were interposed to the petition and the exception is to a judgment overruling them. *Held:*

1. As shown by our statement of the case, this equitable suit was brought originally against named persons in their official capacity as Mayor and Councilmen of the City of Clarkesville, Georgia, and against the Public Administration Service, a corporation, and it was not erroneous, as the defendants contend, to subsequently make the City of Clarkesville, a municipal corporation, a party defendant. Code § 37-1005; *Gelders* v. *City of Fitzgerald,* 135 *Ga.* 400 (69 S. E. 569); *White* v. *City of Forsyth,* 136 *Ga.* 634 (71 S. E. 1073); *Saunders* v. *Rainey,* 141 *Ga.* 77 (2) (80 S. E. 305).

2. Section 43 of the charter of the City of Clarkesville, which was granted by the legislature in 1917 (Ga. L. 1917, pp. 581, 603), provides: "That the mayor and council shall at their regular meeting held during the month of April, or so soon as practical thereafter at any adjourned meeting of the aforesaid regular meeting, in each and every year . . . elect by a majority vote what is known and hereinafter termed as a 'board of assessors' for said city, to be composed of three citizens who are qualified voters and freeholders in said city and who have resided within said city two years or longer, who shall compose said board and whose duty it shall be to annually on the first Monday in June of each year, or so soon thereafter as practical . . . assess the fair market value of all real estate and personal property situated in said city or subject to taxation within said city; it shall be the further duty of the board of assessors to see that all taxable property within said city is assessed and returned for taxation at its fair market value, and that valuation, as between the individual taxpayer of said city, shall be fairly and justly equalized, so that each taxpayer shall pay as near as may be only a proportionate share of taxes according to the amount of taxes returned or assessed; it shall be their further duty, after they have assessed and returned all property for taxation, to return all blanks and assessments thereon of the individual taxpayers of said city back to the city clerk at such time as may be fixed by ordinance of the mayor and council; that they shall be governed by all rules, resolutions and ordinances that may be fixed by the mayor and council which are not in conflict with this Act; that they shall take such oath as may be prescribed by the mayor and council; provided, that no assessor shall pass upon and assess any of his own property or that of a co-assessor, but the property of such board of assessors shall be passed [upon] and assessed by the mayor and council of said city in the same manner and under the same laws and ordinances as the assessors are governed [by]." By section 45 of the aforesaid act, the city's board of tax assessors has authority to issue subpoenas for the attendance of witnesses and power to require any person, firm, or corporation to produce all of his or its books, papers, and documents which may throw any light upon or give any information to the board of the existence of property, its liability for tax, and its value for tax purposes. The act also requires the mayor and council of the city to review the board's assessment of each return before it is entered on the city's tax digest, and such mayor and council have the right to raise or lower the valuation which the board has placed upon any item or property; and where changes are thus made in the board's valuation, the taxpayer is entitled to notice thereof and a right to arbitrate the assessment in the manner provided for by the act. Such express mandatory provisions for the assessment or valuation of property for tax purposes negative the existence of any authority or power on the part of the City of Clarkesville's mayor and council to contract with another, as was done in the instant case, for the performance of such official duties. In this connection and for rulings to the same effect, see *Decatur County* v. *Roberts,* 159 *Ga.* 528 (126 S. E. 460); *Bagwell* v. *Cash,* 207 *Ga.* 222 (60 S. E. 2d 628); *Ezzard* v. *City of Lawrenceville,* 207 *Ga.* 649 (63 S. E. 2d 657). And the case at bar is distinguishable from *Tietjen* v. *Mayor*

*&c. of Savannah,* 161 *Ga.* 125 (129 S. E. 653), for the reason pointed out in *Ezzard* v. *City of Lawrenceville,* supra.

3. The several grounds of special demurrer to the petition as amended have been carefully examined, fully considered, and found to be without merit.

4. In view of our rulings in the two preceding divisions, there is no merit in the contention that the presiding judge erred in overruling the demurrers and in refusing to dismiss the amended petition.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating.*

ARGUED NOVEMBER 9, 1953—DECIDED JANUARY 11, 1954.

*Irwin R. Kimzey, Kimzey & Kimzey,* for plaintiffs in error.
*Glenn W. Ellard, G. Fred Kelley, Ellard & Frankum,* contra.