No. 7.—Wm. J. DINKINS and others, plaintiffs in error, *vs.* THOMAS MOORE and others, defendants in error.

[1.] A deed witnessed thus:
"In the presence of                 THEODORE GUERRY,
                                     THOS. BIVINS, J. P ,"
is sufficiently attested to admit it to record; and the conclusion of Law, from this general form of attestation is, that the subscribing witnesses saw the grantor sign, seal and deliver the deed, for the purposes therein mentioned.

Trover, &c. in Sumter Superior Court.    Tried before Judge PERKINS, August Term, 1854.

· This was an action by Dinkins and others, against Moore and Joseph White, for negroes.    Plaintiffs offered in evidence a certified copy of a deed (the original being accounted for) made by Wm. P. Brown to one Mark Brown, for certain negroes to be held in trust.    The deed concluded thus : " In witness whereof, I have hereunto set my hand and seal, this 8th day of May, 1827, and delivered the said negroes to the said Mark M. by the symbolical tradition of a pen-knife," and was attested thus : " In presence of Theodore Guerry, Thos. Bivins, J. P."    The Court rejected this copy, on the ground that there was no evidence of delivery, upon which the deed could have been properly recorded.

This decision is assigned as error.

W. A. HAWKINS and B. HILL, for plaintiff in error.

L. WARREN, for defendant in error.

BENNING, J. being related to one of the parties, declined to preside.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Was the copy deed properly rejected ?    The answer to this question depends upon the fact, of whether or not this deed was legally recorded.

Under the Act authorizing this paper to go to registry, it could only be done in one of two ways, viz : either proof of its execution by one of the subscribing witnesses, or the official attestation of a magistrate.    This instrument was admitted to record upon the latter mode.    The grantor concluded the deed in the usual form—" In testimony whereof, I have hereunto set my hand and seal," &c. adding, "and delivered the property by the symbolic tradition of a pen-knife."

The attestation is in this form—

"In the presence of

THEODORE GUERRY,
THOS. BIVINS, J. P."

It is stated, in the argument, that the Circuit Court held the registry void, on the authority of *Rushin vs. Shields &* *Ball,* (11 *Ga. R.* 636.)    The deed, in that case, was recorded upon the affidavit of one of the subscribing witnesses, who swore " that he saw the grantor sign and seal the deed, and for the purposes therein named," &c.    He failed to depose that he saw the deed *delivered;* and for that reason, this Court decided that the proof of the execution was insufficient.

To make the cases parallel, the form of attestation in the deed before us, should have been *signed* and *sealed* in our presence, or in the presence of, &c.    The inference would then have been, that the subscribing witnesses did not see the deed delivered.    But the difference between the case supposed and the one at bar is, that in the latter there is no form of words in the clause of attestation.    And the point is, what is the legal import of a general attestation of this sort?    And it is an inquiry of vast practical importance, for it will be found that a large portion of the conveyances in this State, are in this form.

Our opinion is, that under such an attestation clause, if neither of the witnesses be an officer, any one of them may prove its execution by making the usual oath.    And that if one of them be a magistrate, the officer appointed by the law to perform this duty, the conclusion of law is, that he saw the instrument legally executed; that is, signed, sealed and delivered.    And so we rule in this case.