CHARLES STANLEY, plaintiff in error, vs. JAMES SUGGS, et al. defendants in error.

The attesting witness of a deed of mortgage swore that he was " a subscribing witness to the mortgage ; that he saw the maker of the same assign it; and also saw the other subscribing witnesses assign it."
*Held,* That the probate was insufficient to admit the mortgage to record.

Rule to distribute money, in Randolph. Tried before Judge KIDDOO, May, 1857.

A rule was taken against the former Sheriff to pay out the money in his hands, arising from the sale of Lemmon Dunn's property, to the executions existing against him, according to their priority.

Charles Stanley, the owner of a mortgage *fi. fa.,* claimed that his execution should be first paid. The general judgment creditors objected to the money being applied to this mortgage *fi. fa.,* and suggested payment and fraud; issue was joined on this suggestion, and the case submitted to a jury.

The plaintiff in the mortgage *fi.fa.* offered in evidence the mortgage, to the introduction of which, objection was made, on the ground that the probate of one of the witnesses, to said mortgage deed, was defective. The witness swears " that he

was a subscribing witness to said mortgage, and that he saw the maker of the same assign it, and also saw the other subscribing witnesses assign it." The objection was sustained by the Court, on the ground that the probate was insufficient, and the mortgage should not have been admitted to record, and was not entitled to take precedence over the general judgments obtained before the foreclosure of said mortgage, and plaintiff in mortgage *fi. fa.* excepted.

The Court then ordered the money in the Sheriff's hands to be distributed and paid to the other *fi fas.* against Dunn, of junior date to the mortgage, but older than the foreclosure, according to the priority of date, and the mortgagee excepted.

PERKINS ; and TUCKER & BEALL, for plaintiff in error.

HARRISON & COX, for defendants in error.

*By the Court*—LUMPKIN, J. delivering the opinion.

Believing that this case comes fully within the rule laid down by this Court, in Rushin *vs.* Shields, *et al..* (11 *Ga. Rep.* 636) we affirm the judgment of the Court below.

The subsequent case of Dinkins and Moore, (17 *Ga. Rep.* 62) stands upon a different principle. The doctrine intended to be maintained there, was, that even in the absence of any attestation clause, the official signature of the magistrate stood in lieu of the proof of execution; he being an officer chosen and selected by the law for this purpose.

Judgment affirmed.