THE NEW ENGLAND MORTGAGE SECURITY COMPANY *et al.*
*v.* OBER & SONS COMPANY.

Mortgages witnessed by two persons, of whom neither was an officer authorized to attest them, were improperly recorded upon the affidavit of one of the witnesses, stating merely that he saw the mortgagor sign the mortgages, and that he himself signed the same as a witness and saw the other witness sign the same. As to them a subsequent judgment lien should take a precedence in the distribution of a fund raised by levy and sale under a *fi. fa.* issued upon them. January 20, 1890.

Mortgages. Record. Liens. Notice. Before Judge BOYNTON. Henry superior court. April term, 1889.

Reported in the decision.

G. W. BRYAN, for plaintiffs in error.

J. F. WALL, E. J. REAGAN and HALL & HAMMOND, *contra.*

BLANDFORD, Justice.

This was a contest for money in the hands of the sheriff arising from the sale of certain land under certain mortgage *fi. fas.* in favor of the defendants in error. The plaintiffs in error claimed the fund under a common law judgment, which judgment was obtained before the sale of the land. The contention here was that the mortgages were improperly recorded, having been witnessed by two persons, neither of whom was an officer authorized by law to witness mortgages, and having been admitted to record upon the affidavit of one of these witnesses, in which he stated simply that he saw the mortgagor sign the mortgage, that he himself signed the same as a witness and saw the other witness sign the same.

It is clear to us that these mortgages were not prop-

erly probated so as to admit them to record. In the case of *Stanley* v. *Suggs*, 23 *Ga.* 137, it was held by this court that where the attesting witness to a deed of mortgage swore that he was a subscribing witness to the same, and saw the maker sign it, and also saw the other subscribing witness sign it, the probate was insufficient to admit the mortgage to record. And in that case the case of *Rushin* v. *Shields et al.*, 11 *Ga.* 636, was cited. In the case of *Andrews* v. *Mathews*, 59 *Ga.* 466, this court held that a judgment junior in date to a mortgage illegally recorded for want of probate, but founded on a debt antecedent to the date of the mortgage, has priority of lien to the mortgage, and the purchaser under the *fi. fa.* issued upon such judgment will acquire good title against the mortgage, though both the judgment creditor and the purchaser had actual notice of the defectively recorded mortgage. In *Richards & Bro.* v. *Myers & Marcus*, 63 *Ga.* 762, it was held that a judgment rendered before a mortgage which is not recorded in time has a superior lien upon the property, though at the time of the rendition of the judgment the mortgage has been foreclosed and the mortgage *fi. fa.* levied. The lien of a mortgage is in the contract, and not in the judgment of foreclosure. The code, §1959, declares that a mortgage recorded in an improper office, or without due attestation or probate, or so defectively recorded as not to give notice to a prudent inquirer, shall not be held notice to subsequent *bona fide* purchasers or younger liens. Section 1957 declares that "Mortgages not recorded within the time required remain valid as against the mortgagor, but are postponed to all other liens created or obtained, or purchases made prior to the actual record of the mortgage. If, however, the younger lien is created by contract, and the party receiving it has notice of the prior unrecorded mortgage, or the purchaser has the like notice, then the lien of the older mortgage shall be held good against them."

As it appears to us, this mortgage was improperly probated, and therefore was not properly recorded within the time required by law. We think that §1957, as above quoted, requires us to hold that the judgment lien of the plaintiffs in error, although acquired since the making of the mortgage and since the improper record thereof, takes precedence of the mortgage lien, and that the judgment of the court below holding the contrary was erroneous.        *Judgment reversed.*