## In re HAMMETT.

(District Court, N. D. Georgia. February 17, 1923.)

No. 1429.

1. Mortgages ⊕176—Security deed not properly recorded is subsequent to lien by operation of law regardless of actual notice.

A deed reciting that it was made to secure a debt, so as to be a security deed within Park's Ann. Civ. Code Ga. § 3306, the attestation and record of which are controlled, not by sections 4198, 4202, 4203, relating to deeds of bargain and sale, but under section 3308, requiring it to be attested or approved in the manner prescribed for mortgages so that the conse-

quences of failure to record it under section 3307 are the same as in case of a mortgage under section 3260, which postpones it to all liens created or obtained prior to the actual record unless the younger lien created by contract and the party receiving it has notice of the unrecorded paper, creates a lien subject to a noncontract lien arising subsequent to its execution but before it was recorded, even though the holder of the lien had actual notice of the unrecorded instrument.

**2. Acknowledgment ⬅⬆6(2)—Record on insufficient probate is nullity.**

The record of a security deed on insufficient attestation or probate is equal to no record at all, under Park's Ann. Civ. Code Ga. § 3262.

**3. Acknowledgment ⬅⬆61—Parol evidence incompetent to aid certificate of attestation.**

Parol evidence of the facts attending the execution of a security deed cannot be considered to aid it, but the validity of the record must be established by the face of the record, and of the recorded instrument, since Park's Ann. Civ. Code Ga., § 3257, requires not only the execution of such a deed in the officer's presence, but also the attestation by him, or a subsequent probate before him, and that fact must appear by official certificate and not otherwise.

**4. Acknowledgment ⬅⬆49—Official certificate of attestation or probate is to be liberally construed.**

Since parol proof may be resorted to to show the invalidity of the official certificate to a recorded deed, but cannot be used to aid a record defective on its face, a liberal interpretation is given to such certificates of attestation or subsequent probate to sustain them.

**5. Evidence ⬅⬆83(5)—Official duty in attesting or approving deed presumed to have been performed.**

The presumption of official regularity and duty done obtains in construing the certificates of attestation, or subsequent probate of a security deed, and aids meagerness, ambiguity, and even silence in the certificate.

**6. Acknowledgment ⬅⬆36(1)—Certificate of notary to security deed held sufficient.**

A certificate to a security deed, which, under Park's Ann. Civ. Code Ga. § 3257, must be executed in the presence of, and attested by, or proved before, a notary public, which certificate merely stated "sworn to and subscribed before me," shows that the same one who subscribed the instrument swore to it, and is sufficient. whether it refers to the grantor or to the attesting witnesses, since probate by either would be sufficient.

**7. Mortgages ⬅⬆58—Oath of witnesses that security deed was executed in their presence is sufficient probate.**

An oath by the attesting witnesses to a security deed, or by one of them, that it was signed, sealed, and delivered in their presence is sufficient probate, under the statutes of Georgia, to entitle the deed to record.

In Bankruptcy. In the matter of Mrs. O. L. Hammett, bankrupt. On review of the referee's decision sustaining a deed executed by the bankrupt and recorded more than four months prior to bankruptcy. Decision sustained.

Moon & Parham, of LaGrange, Ga., for Trustee.

Lee B. Wyatt and Walter B. Branan, both of LaGrange, Ga., for claimant.

SIBLEY, District Judge. The trustee in bankruptcy seeking to sell land was met by a deed made by the bankrupt to another and recorded more than four months before the bankruptcy. The deed was attacked before the referee as being insufficiently attested for record, who heard, over objection, parol evidence sustaining the deed, and

denied the application for sale. It was stipulated in argument here that the sole question for decision was the validity of the deed as against the trustee's lien.

The deed purporting to be made on February 14, 1921, is in the language of an ordinary warranty deed, save that it recites that it is made to secure a described note. It has the usual attestation clause, "signed, sealed and delivered in the presence of us," followed by the names of two unofficial witnesses. Under these are the words:

"Sworn to and subscribed before me at Corinth, Georgia, this 16th day of February, 1921. Moreland Miller, Notary Public, State at Large."

The parol evidence was in substance that the deed was drafted on February 14 and executed on February 16, 1921, in the presence both of the unofficial witnesses and the notary, who all attested it at the same time.

[1, 2] 1. Because of the recital that it was made to secure a debt, the deed is of a class peculiar to the Georgia statute law known as a security deed (Park's Code, 3306). It passes title, but is otherwise much assimilated to a mortgage. Its attestation and record are controlled, not by statutes relating to deeds of bargain and sale (Park's Code, 4198, 4202, 4203), but by special provisions requiring that it be "attested or proved in the manner now prescribed for mortgages" (Park's Code, 3308), and fixing the consequences of failure to record (Park's Code, 3307), as exactly the same as in the case of a mortgage (Park's Code, 3260), to wit: It is "postponed to all other liens created or obtained, or purchases made prior to the actual record," but "if the younger lien is created by contract" and the party receiving it has notice of the unrecorded paper, the latter is to be held good against him. Thus, while the failure to record a deed of bargain and sale, under the law applicable to it, does not subject the land conveyed to a lien against the grantor subsequently arising by operation of law and not by contract (Donovan v. Simmons, 96 Ga. 340, 22 S. E. 966), in the case of an unrecorded security deed or mortgage, the reverse is true, even though the holder of the noncontract lien has actual notice of the unrecorded instrument (Cambridge Tile Co. v. Scaife, 137 Ga. 281, 73 S. E. 492; Coley v. Altamaha Fertilizer Co., 147 Ga. 150, 93 S. E. 90; Cook v. Adams Bros. Co., 148 Ga. 289, 96 S. E. 499; Cabot v. Armstrong, 100 Ga. 438, 28 S. E. 123; Cottrell v. Merchants' Bank, 89 Ga. 508, 517, 15 S. E. 944; New England Co. v. Ober, 84 Ga. 294, 10 S. E. 625; and Andrews v. Mathews, 59 Ga. 467). Since the trustee here has a lien arising by law dating from the filing of the bankruptcy petition, and since a record on insufficient attestation or probate is equal to no record at all (Code, 3262; Donalson v. Thomason, 137 Ga. 848, 74 S. E. 762; Southern Iron Equipment Co. v. Voyles, 138 Ga. 258, 75 S. E. 248, 41 L. R. A. [N. S.] 375, Ann. Cas. 1913D, 369), the validity of this deed depends on the sufficiency of its attestation or probate under the mortgage requirements of Park's Code, § 3257:

"It must be executed in the presence of, and attested by, or proved before, a notary public or justice of any court in this state, or a clerk of the superior court (and in case of real property by one other witness), and recorded."

[3] 2. Parol evidence of the facts attending the execution of the paper cannot be considered to aid it. The validity of the record must be established by the face of the record and of the recorded instrument. The statute requires not only execution in the officer's presence, but also attestation by him or else a subsequent probate before him, and this must appear to the recording officer by official certificate and not otherwise. The clerk is authorized to record only on the attestation or probate required by the statute and thus appearing. His record cannot be sustained by any other proof of due execution. "All the authorities agree that if an instrument discloses on its face that it is not entitled to record, the actual record of it is ineffectual to charge the public with constructive notice." Southern Iron Co. v. Voyles, 138 Ga. at page 261, 75 S. E. at page 249 (41 L. R. A. [N. S.] 375, Ann. Cas. 1913D, 369). An apparently regular record, on the other hand, may under some circumstances be invalidated by parol proof of forgery or fraud in the attestation (Granniss v. Irvin, 39 Ga. 22; Hansen v. Owens, 132 Ga. 649[6], 64 S. E. 800; White v. Magarahan, 87 Ga. 217, 13 S. E. 509; Baxley v. Baxley, 117 Ga. 60, 43 S. E. 436), or the disqualification of the attesting officer (Southern Iron Equipment Co. v. Voyles, 138 Ga. 258, 75 S. E. 248, 41 L. R. A. [N. S.] 375, Ann. Cas. 1913D, 369).

[4, 5] 3. Since therefore parol proof may be resorted to to expose an invalidity, but cannot be used to aid a record defective on its face, a liberal interpretation is given to official certificates of attestation or subsequent probate to sustain them. Glover v. Cox, 137 Ga. 684, 73 S. E. 1068, Ann. Cas. 1913B, 191. The presumption of official regularity and duty done obtains (Truluck v. Peeples, 1 Ga. 3; Granniss v. Irvin, 39 Ga. 22), and aid meagerness, ambiguity, and even silence. Thus, though probate by an unofficial witness, showing only signing and not delivery of the instrument, is insufficient (Rushin v. Shields, 11 Ga. 636, 56 Am. Dec. 436; Stanley v. Suggs, 23 Ga. 137), the mere attestation by an officer with no recital of delivery presumes a full execution (Dinkins v. Moore, 17 Ga. 62; Highfield v. Phelps, 53 Ga. 60; Missouri State Life Ins. Co. v. Barnes Construction Co., 147 Ga. 677, 95 S. E. 244; Beaty v. Sears & Bennett, 132 Ga. 516, 64 S. E. 321; Glover v. Cox, 137 Ga. 684, 73 S. E. 1068, Ann. Cas. 1913B, 191).

[6, 7] In the case at bar the officer does not attest in blank, nor attest at all. He does not subscribe the certificate "signed, sealed and delivered in the presence of us," but signs the certificate, "Sworn to and subscribed before me this February 16, 1921." These words cannot be treated as surplusage and eliminated, and he treated as an attesting witness, for it is these words that the officer has signed. They must be regarded and be given due effect as connected with this deed. They assert that some one swore to and subscribed something. Can we answer the questions thereupon arising, Who? and What? The person swearing was a person who also "subscribed," and the thing sworn to was also that which was subscribed. The deed itself was subscribed by its maker, and the attesting clause was subscribed by the two subscribing witnesses. The thing and persons referred to, therefore, by the certificate must be one or the other or both of these. If

the former was meant, then the maker of the deed, after executing it before two witnesses, swore to it before the officer, and as the deed states in its body as a fact that the grantor had bargained, sold, and conveyed, and did by that instrument convey and confirm the described land, and afterwards that "in witness whereof the said Ollie L. Hammett has hereto set her hand and affixed her seal, and delivered these presents the day and year first above written," we have a most solemn acknowledgment of the deed by the grantor before the officer, which has always been deemed a sufficient probate. If the other is the true meaning, then one or both of the unofficial witnesses swore that the deed was signed, sealed, and delivered in the presence of the two, and this also is a sufficient probate. In either case the deed upon its face appears to have been proved before, if not attested by the proper officer, and was recordable. While the better practice in making an affidavit is to recite in the certificate the name of the affiant, a failure or a misrecital is not fatal; the identity being established by the subscription. 2 Cyc. 23.

This deed was therefore well recorded, and the referee did not err in his conclusion.