### 15539. WINN v. HERRING-HALL-MARVIN SAFE CO.

STEPHENS, J. 1. A retention-of-title contract for the sale of personalty, when not attested by an official witness, is not sufficiently probated upon the affidavit of the attesting witness and is not entitled to record when it does not appear from the affidavit or otherwise from the instrument itself that the instrument has been delivered. Civil Code (1910), §§ 3318, 3319, 3257, 3261; *Rushin* v. *Ball*, 11 *Ga.* 636 (56 Am. Dec. 436); *Stanley* v. *Suggs*, 23 *Ga.* 137; *Allen* v. *Holden*, 32 *Ga.* 418.

2. The record of a conveyance not legally entitled to record is not constructive notice. Civil Code (1910), § 3262; *Donaldson* v. *Thomason*, 137 *Ga.* 848 (3) (74 S. E. 762).

3. Facts in issue must be established by evidence having probative value. Failure to object to evidence having no probative value does not amount to a waiver of the right to insist upon the insufficiency of the evidence in this respect to establish an essential fact in issue.

4. An agreed statement of facts does not admit conclusions of law or of fact drawn therefrom. An admission in an agreed statement of facts that a retention-of-title contract which is the basis of the suit was recorded does not admit that it was legally entitled to record or that the record constituted constructive notice. Nor does an admission in an agreed statement of facts that one of the parties to the case was chargeable with such constructive notice as the law might imply from the record of an instrument amount to an admission that constructive notice existed in fact.

5. This being a suit in trover by the seller claiming title to personalty sold under a retention-of-title contract against one who had afterwards purchased the property from the original purchaser, and it appearing from undisputed evidence that the defendant was a bona fide purchaser for value, without either actual or constructive notice, the verdict and judgment rendered for the plaintiff was unsupported by evidence and unauthorized. The evidence demanded a verdict for the defendant.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 11, 1925.

Trover; from Atkinson superior court—Judge Dickerson. December 3, 1923.

*B. T. Allen, Talmadge S. Winn*, for plaintiff in error.
*Grantham & Roberts*, contra.