32845.   EVANS MOTORS OF GA. INC. *v.* GUMP
FINANCE CO.

Decided February 9, 1950.

*Woodruff, Swift & Dorsey*, for plaintiff in error.

*Kobak, Levy & Buffington*, contra.

TOWNSEND, J. (After stating the foregoing facts.) The question presented involves a construction of Code § 67-108, which provides in part as follows: "Mortgages . . on personalty [shall be recorded] in the county where the mortgagor resided at the time of its execution, if a resident of this State, and if a nonresident, in the county where the mortgaged property *is*. If a mortgage shall be executed on personalty not within the limits of this State, and such property shall afterwards be brought within the State, the mortgage shall be recorded *according to the above rules* within six months after such property is so brought in." (Italics ours.) This section applies to the case at bar by reason of Code § 67-1403 which provides that the registration and record of conditional bills of sale shall be governed in all respects by the laws relating to the registration of mortgages on personal property.

The conditional vendee, Jones, was a nonresident of Georgia, and he had brought the property into this State at least by July 29, 1948, which allowed the plaintiff until January 29, 1949, to make a proper record of the mortgage in this State. The defendant had sold the car on July 29, to one Lane Dolvin and on August 2 it was sold by him to a resident of Chamblee, Georgia, which is in DeKalb County, as shown by the evidence. It was recorded in Fulton County, the county of residence of the defendant, on January 7, 1949, which date is within the six-month period allowed by statute. However, the car was on that date, and had been for some months prior thereto, in DeKalb County and not in Fulton County.

In *Hampton v. Universal Credit Co.*, 59 *Ga. App.* 570 (1 S. E. 2d, 753) the court held, in weighing the relative rights of the conditional vendor and an attachment creditor of the conditional vendee, that the vendor's rights were protected by his act in recording the instrument in the county of this State into which the property was casually brought, and where it was located at the time of recording. Presumably the car was merely in transit at the time it was halted by the attachment proceedings, but it was within the limits of the county at the time the instrument was filed.

The purpose of the statute codified as Code § 67-108 and other recording statutes, is the constructive notice which is given to all the world as to the rights of the parties thereto. *Bank of Ringgold* v. *West Publishing Co.*, 61 *Ga. App.* 426 (6 S. E. 2d, 598. If the words used therein, to the effect that the instrument shall be recorded in the county *where the property is*, be construed to mean any county where the property was, or through which it passed, during the six-month period allowed to the holder thereof, then it is obvious that the notice given by such recording would be equivalent to no notice at all, and that any county between Fulton and the Tennessee State line would have been equally available to the conditional vendor as a county of record. It is true that Fulton County is also the county of residence of two persons or corporations who bought the car during the six-month period, but they did not own it, and it was not within the county, at the time the conditional-sales contract was recorded. Even the most liberal construction of the statute could not justify the place of record on the ground that it was the residence of a *former* owner. It must therefore be decided that the plain intendment of the statute must be observed, and the record filed in the county in which the property is located on that date, if an action is commenced against it in transitu, or in the county of its situs if it has come to rest in any permanent location, but that the filing of the instrument for record merely in a county in which it had been located at some former time within the six-month period would be insufficient to give constructive notice to anyone, and is also insufficient to conform to the terms of the statute.

This defect was pointed out by special demurrer attacking paragraph 6 of the petition, which alleges that on or about July 28, 1948, Jones sold the automobile to the defendant and that "shortly thereafter" the defendant disposed of said car, on the ground that the petition fails to show that the automobile was in Fulton County at the time the contract was filed for record, which date is set forth elsewhere in the petition as January 7, 1949. The trial court erred in overruling this demurrer, and in not thereafter sustaining the general demurrer to the petition. This error rendered all further proceedings nugatory.

*Judgment reversed.* *MacIntyre, P.J., and Gardner, J., concur.*