37870.   NALLEY CHEVROLET, INC. *v.* CALIFORNIA
BANK, Transferee.

198

DECIDED SEPTEMBER 17, 1959.

*Smith, Field, Doremus & Ringel, Arthur B. L. Martin, H. A. Stephens, Jr.,* for plaintiff in error.

*Joel J. Fryer,* contra.

TOWNSEND, Judge. ■ While an election on the part of a plaintiff to affirm a contract of sale by means of a foreclosure against the property as the property of the defendant constitutes such an election of remedies as would bar the plaintiff from later repudiating the contract and bringing an action in trover to recover the property on the theory that title remained in the plaintiff (*Kennedy* v. *Manry,* 6 *Ga. App.* 816 (2), 66 S. E. 29) and the contrary would also be true (that is, an action in trover against the person in possession of the property would bar a

later action to foreclose upon the property as that of the original vendee both being based on the same conditional sale contract), yet there is no testimony whatever in this case indicating that Bank of California, Inc., plaintiff in the trover action against Nalley Chevrolet involving the same automobile, is in fact the same party plaintiff as California Bank, plaintiff in this foreclosure proceeding. The mere fact that California Bank tendered in evidence the pleadings in the trover action of Bank of California, Inc. v. Nalley Chevrolet, Inc., does not prove that it was the same party plaintiff. In the absence of identifying the parties as being in fact the same party plaintiff, or of evidence showing that California Bank was concluded by the acts of Bank of California, Inc., there is no merit in the contention that the plaintiff is barred from prosecuting this action by reason of having elected a prior inconsistent remedy.

■ California not being one of the original thirteen colonies, nor carved out of land embraced therein, and the laws of California not being pleaded or proved, it will be presumed that, as related to this contract, the law of California is the same as the law of Georgia. *Trustees of Jesse Parker Williams Hospital* v. *Nisbet*, 189 *Ga.* 807 (1c) (7 S. E. 2d 737).

■ ■ The retention-title contract executed in California on June 28, 1957, was signed by J. E. Pratt and Frank Lee as purchasers, apparently without witnesses. On December 26, 1957, Frank Lee resigned the instrument in Fulton County, Georgia, and after his signature appears the following: "Witness—M. D. Roseberry. Sworn to and subscribed before me this 26th day of Dec., 1957. John H. Howard, Notary Public, Fulton County, Ga." and attested by notary seal. The instrument was then recorded in Fulton County, Georgia, on December 27, 1957. It is contended that such recordation, although within six months from the time the property was brought into the State, was insufficient to impart constructive notice for the reasons (1) that it was not properly acknowledged so as to admit it to record on the part of all the purchasers, (2) the jurat does not show any delivery, and (3) it was also not properly recorded because at the time the instrument was recorded the property was in DeKalb, not Fulton County, and was not owned by Lee. As

against these objections, the finding of the trial court that the retention-title contract was properly recorded in Fulton County was without error. Whether or not the contract was improperly executed so far as Pratt was concerned, this does not concern the claimant, who purchased the Chevrolet from Lee as the sole property of Lee, nor would it prevent the recordation of the contract as the contract of Lee. So far as Lee is concerned, the attestation is in proper form, since it shows that it was signed and sworn to in the presence of a witness who was a notary public, as well as another witness for good measure. The same form of words was held to be sufficient under Georgia law in the case of In re Hammett, 286 F. 392, where a persuasive discussion of the reasons for so holding is to be found. It is also pointed out that, although probate by an unofficial witness showing only signing and not delivery is insufficient, mere attestation by an officer such as a notary public, although with no recital of delivery, presumes a full execution, citing *Dinkins* v. *Moore*, 17 *Ga.* 62; *Highfield* v. *Phelps, 53 Ga.* 60; *Missouri State Life Ins. Co.* v. *Barnes Const. Co.,* 147 *Ga.* 677 (95 S. E. 244) ; *Beaty* v. *Sears & Bennett, 132 Ga.* 516 (64 S. E. 321) ; *Glover* v. *Cox,* 137 *Ga.* 684 (73 S. E. 1068, Ann. Cas. 1913B 191).

█ It still remains to be determined whether this conditional bill of sale, after being recorded, constituted constructive notice of the title of the plaintiff so as to give that title priority over the title of Nalley Chevrolet, Inc. The instrument was first executed between the parties on June 28, 1957, in California. The purchaser Lee was, however, a resident of Fulton County, Georgia, where he lived with a wife and family, had been born there and lived there all of his life except for trips like the one in question, when he was absent for about eight months traveling as a prize fighter, but even during those eight months he made five trips back to his home. From California he returned to Atlanta, and was there on September 20, 1957, when he traded the Chevrolet to the claimant, a Fulton County Corporation, who, on the same day, sold it to Bishop Brothers Auto Auction, also of Fulton County. The contract was re-executed on December 26, 1957, and recorded in Fulton County the following day. Nothing further is shown concerning the whereabouts of

the vehicle until October 4, 1958, when the claimant repurchased it from one John W. Craven of DeKalb County, Georgia. Since a condition or fact once shown to exist is presumed to continue until a change in such status is shown (*Roberts* v. *Hill*, 81 *Ga. App.* 185 (2), 58 S. E. 2d 465), it must be presumed that the automobile was still in Fulton County on December 26, when the conditional bill of sale was recorded. Had Lee been a non-resident, then the instrument would have been recorded in the proper county under that part of Code § 67-108 which provides that if the mortgagee is a nonresident it shall be recorded in the county where the mortgaged property is at the time of recordation. (See *Evans Motors of Ga.* v. *Gump Finance Corp.*, 80 *Ga. App.* 836, 57 S. E. 2d 506). Being a resident, the county of his residence was, under the Code section, the proper place to have it filed for record. That part of the section which provides that "chattel mortgages of stocks of goods, wares, and merchandise, or other personal property, shall be recorded, in case the same is upon property or goods located in some other county than that of the mortgagor's residence, in the county where said personal property is located at the time of the execution of said mortgage, in addition to the record of said mortgage in the county of the mortgagor's residence" applies to stocks of goods and like personalty, not to an automobile where the mortgagor is not in the business of buying and storing automobiles. *General Motors Acceptance Corp.* v. *Monday*, 79 *Ga. App.* 609 (54 S. E. 2d 479). Therefore, the instrument would not have been required to be recorded in DeKalb County even if the plaintiff did not have the benefit of the presumption that it was located in Fulton County at the time it was filed for record.

The last sentence of Code § 67-108 provides: "Where a mortgage either upon realty or personalty is executed to secure the payment of money or other thing of value, and the same is not recorded as provided by law, but such mortgage is renewed or re-executed, in every case of renewal or re-execution of a mortgage which has not been recorded, such mortgage shall operate as a lien upon the property of the mortgagor only as against the mortgagor himself and those having actual notice of such mortgage, except from the date of the record of such mortgage." This

document as first executed was not entitled to record because Lee, the mortgagor, had failed to execute it or have it attested or proven before a notary public or other like officer. The defect was cured on December 26, when he re-executed the instrument before a notary public who signed it as an official witness. This, under the last above quoted provision of the Code section constituted a re-execution of the document which entitled it to record. Saranac Mach. Co. v. Heyward, 293 F. 499. The constructive notice afforded by such recordation then dates from the date of record, since until it is re-executed it is not such an instrument as can impart constructive notice to any third party. "If the mortgage was improperly recorded for lack of due attestation, and the same is afterwards properly attested, the mortgage must be recorded anew, because its registration would date from that time and not from the time of its original improper record." Donalson v. Thomason, 137 Ga. 848, 852 (74 S. E. 762). Applying this law to the facts of this case, accordingly, it appears that at the time the claimant purchased and resold the automobile the first time in September, 1957, it had no constructive notice of the outstanding paramount title, nor did the recordation in December, although within six months of the time the property was brought into the State, cast such notice upon it since it could have no effect prior to a proper execution and recordation. When it was filed for record, however, under the last sentence of Code § 67-108, it did become constructive notice as of the date of record. It continued as such, and when the claimant repurchased the vehicle in October, 1958, the record was constructive notice of the rights of California Bank as to it, from which it follows that its claim cannot prevail over the claim of the conditional vendor. The trial court did not err in holding that the instrument was properly recorded and in entering up judgment in favor of the plaintiff in foreclosure.

■ The remaining assignments of error deal with the court's admission of certain testimony and documentary evidence, and complaint is also made of the finding by the court that the claimant had actual knowledge of the plaintiff's title. This finding was error, being based on the fact that the vehicle was equipped with California license tags at the time of its first

purchase by the claimant, and on the fact that the defendant Lee testified he delivered his California title certificate to the claimant's agent. Foreign license plates would not put the claimant on notice of the plaintiff's title. The copy of the title certificate was inadmissible in evidence over the objection that the motor number of the vehicle was shown as 25191094 whereas the number of the vehicle being foreclosed under the conditional bill of sale was P26205191. Having a different motor number, the title certificate could not constitute actual notice of the claim to the vehicle which the defendant sold to the claimant. Neither this nor any of the other assignments of error, however, would be sufficient to work a reversal of the case since the claimant was, upon its purchase in October, 1958, bound by the constructive notice of the plaintiff's rights afforded by the recordation of the conditional bill of sale.

The trial court did not err in denying the motion for new trial. *Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*