40306. WHITEHEAD et al. v. SOUTHERN DISCOUNT COMPANY.

DECIDED JANUARY 27, 1964—
REHEARING DENIED FEBRUARY 13, 1964.

*Oze R. Horton,* for plaintiffs in error.

*Hansell, Post, Brandon & Dorsey, J. William Gibson, N. William Bath,* contra.

BELL, Presiding Judge. ■ Malicious abuse of legal process occurs when a plaintiff in a civil proceeding wilfully misapplies the process of a court in order to obtain an object which the process is not intended by law to effect. *Clement v. Orr,* 4 Ga. App. 117 (60 SE 1017); *McElreath v. Gross,* 23 Ga. App. 287 (98 SE 190); *Roberts v. Willys-Overland, Inc.,* 27 Ga. App. 304 (108 SE 138); *Robinson v. Commercial Credit Co.,* 37 Ga. App. 291 (139 SE 915). The test is whether the process has been used to accomplish some unlawful end, or to compel the defendant to do some collateral thing which he could not legally be

compelled to do. "Two elements are necessary to an action for the malicious abuse of legal process: first, the existence of an ulterior motive; and, second, an act in the use of the process not proper in the regular prosecution of the proceeding. Regular and legitimate use of process, though with a bad intention, is not a malicious abuse of process." *Davison-Paxon Co. v. Walker,* 174 Ga. 532, 536 (163 SE 212).

(a) The plaintiffs in this action for malicious abuse of process allege that the bill of sale to secure debt was extinguished by the previous successful trover action brought by Southern Discount. They rely on *Kennedy v. Manry,* 6 Ga. App. 816 (66 SE 29), in which the foreclosure of a bill of sale as a mortgage was held to bar a subsequent trover action. The case was decided on the theory that the foreclosure of the mortgage admitted the title to the chattel to be in the defendant, and that where the title to personalty is admitted in the defendant a trover suit can not be maintained. The *Kennedy* case was decided prior to the Act of 1921 (Ga. L. 1921, p. 114), embodied in *Code* § 67-1601, which permits a conditional sale contract to be foreclosed as a mortgage. The case has been expressly overruled to the extent that it conflicts with the holding of *Goldsmith-Leslie Co. v. Whitehead,* 41 Ga. App. 287 (152 SE 589); *Hilliard v. General Motors Accept. Corp.,* 54 Ga. App. 105 (1) (187 SE 218); and *Turner v. Kay Jewelry Co.,* 101 Ga. App. 173 (112 SE2d 783). In the *Hilliard* case it was held: "Where personalty is sold and title retained in the seller as security for the balance of the purchase-money, a suit by the seller to foreclose the contract as a mortgage, under the Act of 1921 (Ga. L. 1921, p. 114; *Code* § 67-1601), does not have the effect of transferring the title into the buyer, and does not estop the seller from afterwards bringing an action of trover for the property." We are aware of the statement to the contrary in Division 1 of the opinion in the relatively recent case of *Nalley Chevrolet v. California Bank,* 100 Ga. App. 197, 198, supra, where the *Kennedy* case is cited and followed. However, this expression in the *Nalley Chevrolet* case is an erroneous application of expressly repudiated principles found in *Kennedy* and can not be accepted in any sense as a precedent.

All of these cited cases dealt in some degree with foreclosures

followed by trover actions. In the case before us the trover action preceded the foreclosure, but as a matter of common sense the same principle must be held to apply here. *Code* § 110-514 provides: "When a verdict for damages shall be rendered in favor of a plaintiff in trover, and a judgment entered thereon, the said verdict and judgment shall not have the effect of changing the property which is the subject-matter of the suit, or vesting the same in the defendant in said suit, until after the damages and costs recovered by the plaintiff in such action are paid off and discharged, except so far as to subject such property to sale under and by virtue of an execution issuing upon such judgment in such action of trover, and to make the same liable to the payment of the damages and costs recovered in said action, in preference to any other judgment, order, or decree against the defendant in said action of trover." *Mallary Bro. & Co. v. Moon,* 130 Ga. 591, 593 (61 SE 401). See also *Code* § 107-106.

Even if the foreclosure had been barred by the previous trover action, plaintiffs would have no cause of action for malicious abuse of process. In *Jordan v. American Agricultural Chemical Co.,* 52 Ga. App. 633 (184 SE 455), the plaintiff in an action for malicious abuse of process alleged that in a previous action the defendant had foreclosed a *forged* mortgage or bill of sale and had caused plaintiff's personal property to be seized and sold. There, as in the case before us, the plaintiff did not allege he had made any effort to question the legality of the prior proceeding. The court held that no abuse of process had occurred, since the foreclosure was intended to accomplish the purpose for which it was employed, i.e., to cause the seizure and sale of property described in the instrument.

(b)   Plaintiffs also allege that the foreclosure proceeding was brought "for the purpose of requiring them to make a bond and not for the purpose of making money out of the foreclosure." Plaintiffs allege that they requested the defendant to desist pending a possible settlement and that when they could not furnish bond, the foreclosure, levy and sale were carried out. It is contended that these allegations support a cause of action for malicious abuse of process.

The petition does not specify what kind of bond was contemplated, except to indicate that the bond would have been made by the plaintiffs themselves and, therefore, was not additional security furnished by a third person. *Code* § 67-803 provides for a replevy bond being furnished where the mortgagor files an affidavit of illegality in defense against a foreclosure of mortgages on personalty and bills of sale to secure debt (*Code* § 67-1601). Therefore, when the debtors, by their own admission, requested delay in foreclosure of the bill of sale to secure debt, the creditor's request for bond (which was not furnished) was entirely in keeping with the intended purpose of the legal process of foreclosure.

This contention has no merit.

■ The plaintiffs in this case can not recover for a malicious *use* of process since they do not show that the prior proceedings terminated favorably to them. *Clement v. Orr,* 4 Ga. App. 117, supra; *Roberts v. Willys-Overland, Inc.,* 27 Ga. App. 304, supra; *Dantley v. Burge,* 88 Ga. App. 478 (77 SE2d 107); *Davison-Paxon Co. v. Walker,* 174 Ga. 532, supra.

The trial court properly sustained defendant's general demurrers and dismissed the petition.

This case has been submitted for consideration to the entire court since the first division in the opinion in the case of *Nalley Chevrolet v. California Bank,* 100 Ga. App. 197, supra, is overruled.

*Judgment affirmed. Felton, C. J., Nichols, P. J., Frankum, Jordan, Hall, Eberhardt, Russell, and Pannell, JJ., concur.*