**In the Matter of Thomas Raymond MACARTHUR, Debtor.**

**Gary W. Brown, as Trustee of the estate of Thomas Raymond MacArthur, Plaintiff,**

v.

**American General Financial Services, Inc., Defendant.**

**Bankruptcy No. 08–11554–WHD. Adversary No. 09–1016.**

United States Bankruptcy Court, N.D. Georgia, Newnan Division.

Jan. 19, 2010.

Jacquelyn Louise Kneidel, Mann & Wooldridge, Newnan, GA, for Plaintiff.

Edward D. Burch, Smith, Gambrell & Russell, LLP, Atlanta, GA, for Defendant.

## *ORDER*

W. HOMER DRAKE, Jr., Bankruptcy Judge.

Before the Court is the Motion to Dismiss Complaint of Gary W. Brown (hereinafter the "Trustee"), filed by American General Financial Services, Inc. (hereinafter the "Defendant"). This matter constitutes a core proceeding, over which this Court has subject matter jurisdiction. *See* 28 U.S.C. § 157(b)(2)(A); (K).

### FACTS

Thomas Raymond MacArthur (hereinafter the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 4, 2008. As of the petition date, the Debtor, along with his non-filing spouse, Rebecca M. MacArthur (hereinaf-

ter "Mrs. MacArthur") owned real property known as 48 Maple Street, Grantville, Coweta County, Georgia (hereinafter the "Maple Street Property"). The Debtor also owned an undivided interest in property known as 519 Highway 54, Sharpsburg, Coweta County, Georgia (hereinafter the "Hwy 54 Property"). On Schedule A, the Debtor listed an ownership interest in each of these properties and, on Schedule D, disclosed the existence of a mortgage on each of the properties in favor of the Defendant.

The Trustee ordered a title report for each of the properties, which indicated that the Debtor held sole title to the Hwy 54 Property, rather than the one-half interest that he scheduled. Further, the title report disclosed no mortgage on either of the properties. The Defendant's deeds to secure debt (hereinafter the "First DSD") had been recorded in the real property records of Coweta County, but a satisfaction and cancellation of the First DSD had also been recorded on January 14, 2003 (Book 2086, Page 172).

On August 21, 2008, the Trustee filed a complaint to sell the Maple Street Property free and clear of the interests of Mrs. MacArthur. This Court entered an Order on October 28, 2008 permitting the sale of the Debtor's interest in the Maple Street Property free and clear.

On September 12, 2008, the Defendant sought the Trustee's consent to a motion for relief from the automatic stay that would permit the Defendant to exercise its power of sale and to foreclose on both properties. Upon advising the Defendant of his position that the properties were not encumbered, the Defendant provided the Trustee with recording information for a second deed to secure debt that had been recorded on December 6, 2002 in the real property records of Coweta County (Book 2056, page 313) (hereinafter the "Second DSD").

The Trustee's further investigation revealed that the Second DSD had been indexed incorrectly. The Second DSD was indexed under the name McArthur, rather than MacArthur. The Second DSD did not reference the First DSD and was not cross-indexed with the First DSD.

The Second DSD was notarized, but the notary stated that "Tom R. Macarthur" signed, sealed, and delivered the deed in the presence of the notary, but did not state that Mrs. MacArthur, had signed, sealed, and delivered the deed in the presence of the notary.

The Defendant filed a motion for relief from the automatic stay to permit it to exercise its state law rights with regard to both properties on February 3, 2009. The Trustee opposed the motion on the basis that he intended to avoid the Defendant's liens and to sell the properties for the benefit of the estate. During the hearing on the matter, the Court directed the Trustee to file a complaint to avoid the liens and directed the parties to file briefs on the legal issue of whether the Defendant's liens are avoidable.

### Conclusions of Law

The Trustee's complaint seeks to avoid the Defendant's security interests pursuant to section 544 of the Bankruptcy Code and to recover that interest for the benefit of the Debtor's estate, pursuant to section 551. In support of his complaint, the Trustee asserts that the indexing of the Second DSD was so defective that it failed to provide notice to a bona fide purchaser and, as the Trustee is entitled to stand in the shoes of a hypothetical bona fide purchaser, he is entitled to avoid the Defendant's security interests. Additionally, the Trustee submits that the Second DSD was not properly attested by a notary public or other official witness, as required by Geor-

gia law, because the notary did not attest the signatures of both the Debtor and Mrs. MacArthur. Consequently, the Trustee argues that the deed was a nullity and did not provide constructive notice of the Defendant's interest in the property.

The Defendant sought dismissal of the Trustee's complaint on the basis that the complaint fails to state a claim upon which relief can be granted. In support of its motion, the Defendant asserted that, under Georgia law, a grantee need only file a deed for record and, once properly filed, the deed provides constructive notice of the interest even when improperly recorded or indexed. Further, the Defendant contended that the "Waiver of Borrower's Rights," which was signed by both the Debtor and Mrs. MacArthur and is properly attested as to both grantors, provided sufficient inquiry notice such that no hypothetical purchaser could have taken the properties without notice of the Defendant's security interest.

In an order dated September 30, 2009, the Court ruled that the indexing error did not prevent the Second DSD from providing constructive notice of the Defendant's interest in the properties. The Court scheduled a hearing to consider the argument made by the Defendant that the Second DSD provided constructive notice, notwithstanding the fact that only the Debtor's signature on the Second DSD was attested. Following that hearing, the Court now concludes that the Trustee's complaint should be dismissed for failure to state a claim.

■ Under section 544 of the Bankruptcy Code, "[t]he trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any other creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by ... a bona fide purchaser of real property ... from the debtor ... that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists." 11 U.S.C. § 544(a)(3). Although the actual knowledge of the trustee or a creditor is not relevant, the statute does not permit a trustee to avoid a transfer or obligation if, under applicable state law, a hypothetical bona fide purchaser of real property would have had constructive notice or inquiry notice of the transfer or obligation. *See In re Hagendorfer,* 803 F.2d 647 (11th Cir. 1986); *In re Robertson,* 203 F.3d 855 (5th Cir.2000); *see also In re Cotton,* 2004 WL 2983350, *4–5 (Bankr.N.D.Ga. Feb.17, 2004) (Bonapfel, J.); *In re Henderson,* 284 B.R. 515 (Bankr.N.D.Ga.2002) (Mullins, J.); *In re Sheetex, Inc.,* 1999 WL 739628 (Bankr.M.D.Ga.1999) ("It follows that if circumstances would prevent any hypothetical purchaser from taking Debtor's property in good faith and without notice, then there exist no "shoes" of a hypothetical bona fide purchaser at the time of the commencement of the case for Trustee to step into."); *In re Georgia Granite Co., Inc.,* 86 B.R. 733 (Bankr.N.D.Ga.1988) (Drake, J.) ("In each of the states involved herein, a purchaser is charged with constructive notice of matters contained within recorded deeds which lie in the chain of title for the property in question, and, furthermore, the purchaser may be charged with inquiry notice as to incomplete or inconsistent matters of record or references to outside documents which impose on the purchaser a duty to inquire further."). Accordingly, the question here is whether, under Georgia law, it would have been possible for a hypothetical purchaser to purchase the properties without "notice" of the Defendant's interest in the properties.

■ Under Georgia law, a deed lacking a proper attestation does not provide constructive notice because a patently defective deed is the equivalent of an unrecorded deed. *See Yearwood,* 318 B.R. at 228; *Hopkins v. Virginia Highland Assocs., L.P.* 247 Ga.App. 243, 541 S.E.2d 386 (Ga.App.2000) (citing *Leeds Bldg. Prods.,* 267 Ga. at 301–02, 477 S.E.2d 565); *In re Blackmon,* 283 B.R. 910 (Bankr.E.D.Tenn. 2002) ("A recorded instrument that is facially invalid does not constitute constructive notice to subsequent purchasers."). In addition to constructive notice, a prospective purchaser may be found to have been given inquiry notice with regard to the existence of a prior interest. "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found that such inquiry might have led." O.C.G.A. § 23-1-17; *see also Deljoo v. SunTrust Mortgage, Inc.,* 284 Ga. 438, 668 S.E.2d 245 (2008) ("For more than a century, it has been recognized that a purchaser of land in this state 'is charged with notice of every fact shown by the records, and is presumed to know every other fact which an examination suggested by the records would have disclosed.' "); *Price v. Watts,* 223 Ga. 805, 806, 158 S.E.2d 406 (1967) ("Any circumstance which would place a man of ordinary prudence fully upon his guard, and induce serious inquiry, is sufficient to constitute notice of a prior unrecorded deed."); *In re Hedrick,* 524 F.3d 1175 (11th Cir.2008) ("Georgia recognizes inquiry notice, which imputes knowledge of an earlier interest to a later purchaser of an interest in land whenever there is '[a]ny circumstance which would place a man of ordinary prudence fully upon his guard, and induce serious inquiry.' ").

■ The Debtor conveyed, by way of the Second DSD, a security interest in the Highway 54 Property and the Maple Street Property. The transfer is valid and enforceable between the Debtor and the Defendant. The Trustee asserts that the deed is defective and not in recordable form because of a patent defect. Specifically, the Trustee contends that the failure of Mrs. MacArthur's signature to be properly notarized rendered the entire deed incapable of being recorded and prevented the deed from providing constructive notice of any transfer.

The Defendant argues that the Second DSD was recordable as to the Debtor's conveyance of his interest in both properties and, therefore, since Mrs. MacArthur is not in bankruptcy and the transfer of her interest in the Maple Street Property is beyond the reach of the Trustee's avoidance powers, the lack of an attestation of her signature is irrelevant. In support of its argument, the Defendant cites *Nalley Chevrolet, Inc. v. California Bank,* 100 Ga.App. 197, 110 S.E.2d 577 (Ga.App.1959), overruled on other grounds, *Whitehead v. Southern Discount Co.,* 109 Ga.App. 126, 126, 135 S.E.2d 496, 497 (1964).

In *Nalley Chevrolet* the Georgia Court of Appeals held that a bill of sale was recordable and provided constructive notice, notwithstanding the fact that the bill of sale contained two signatures, only one of which was attested properly. *See id.* at 200, 110 S.E.2d 577. The court stated that, because the purchaser who asserted that it lacked constructive notice of the bill of sale purchased the vehicle from the individual whose signature was properly attested, the fact that the bill of sale also contained an additional unattested signature was irrelevant and did not "prevent the recordation of the contract as the contract of" the individual whose signature was properly attested. *Id.* The Trustee disputes the applicability of *Nalley Chevrolet* to this case, as *Nalley Chevrolet* concerned a bill of sale and this case concerns

the recording of a security deed. The Defendant, however, points out that the same statutory requirements for recording a security deed apply to the recording of a bill of sale. *See* O.C.G.A. § 44–14–61 ("In order to admit deeds to secure debt or bills of sale to record, they shall be attested or proved in the manner prescribed by law for mortgages.").

The Court agrees with the Defendant and concludes that, under Georgia law, the existence of the unattested signature of Mrs. MacArthur does not prevent the security deed from being recorded as to the transfer of the Debtor's interest in the properties. Accordingly, the security deed provided constructive notice of the Defendant's interest in the properties. For this reason, the Trustee's complaint should be dismissed, and the Defendant should be granted relief from the automatic stay in the Debtor's main bankruptcy case.

### CONCLUSION

Having concluded that, as a matter of law, the Trustee cannot prevail on his claim to avoid the Defendant's lien, the Court finds that the Defendant's Motion to Dismiss should be, and hereby is, **GRANTED.** All counts of the complaint filed by the Trustee are hereby **DISMISSED.**

The Defendant is authorized to submit a proposed order granting its motion for relief from the automatic stay, which was filed on February 3, 2009.